## THE CAMDEN AND AMBOY RAILROAD COMPANY vs. STEWART.*

1. Specific performance of a contract for the conveyance of land will not be decreed, unless the property to be conveyed is fixed with certainty, or in such way that it can be ascertained with certainty. If anything is to be done in which the concurrence of both parties is necessary to ascertain the location or quantity of the land, the contract will not be enforced.

2. Part performance, to take the contract out of the statute of frauds, must be something done with the actual or constructive assent of the party sought to be bound. A purchaser cannot, by taking forcible possession of the lands claimed upon an alleged parol sale, without the consent, and against the remonstrance of the owner, evade the provisions of the statute, on the ground of part performance.

3. An injunction will not invariably be dissolved, even upon a full denial of the equity of the bill. It is always a matter in the discretion of the court.

4. Uncertainty in the description of the premises in the declaration of ejectment, in a suit brought in the Supreme Court, can only be remedied in that court.

5. The mere right to an easement over land which another party is entitled to retain in possession, will not be affected by the execution of a writ of possession for the premises, in an action of ejectment.

6. The Supreme Court is the appropriate tribunal for determining questions of law relative to the right of possession of lands, which may arise and be tried in an action of ejectment. And if they arise incidentally in a suit in this court, it would be proper to refer them to a court of law for its determination.

7. That a party, by pleading unadvisedly in a suit at law, may run the hazard of being beaten, and paying the costs, is not a sufficient ground for the interference of a court of equity.

---

This cause was argued on a motion to dissolve the injunction.

*Mr. P. D. Vroom,* in support of the motion.

*Mr. J. P. Stockton,* contra.

---

* Cited *in Henwood* v. *Jarvis*, 12 *C. E. Gr.* 258.

THE CHANCELLOR.

The bill upon which the injunction was issued, is styled a cross-bill; but so far as the subject matter of these injunctions is concerned, it is an original bill, and does not touch the matter in the original suit to which it refers as the suit to which it is a cross-bill.

The injunction is to restrain the defendant from proceeding in an ejectment suit, brought by him in the Supreme Court, to recover a lot called the paint shop lot, and also two strips of land, excepting the right of way of the complainant over the same, for one railroad track.

The bill alleges that the defendant did, in 1846, agree to sell to the complainant the lot called the paint shop lot, in the township of Bordentown, and the county of Burlington, for the sum of $500; and that, in execution of that agreement, which was by parol, the complainant, with the knowledge and consent of the defendant, took possession of said lot in 1847, and erected buildings and improvements thereon, but that, as yet, the defendant has not given any deed for the lot; and prays that he may be compelled to perform his agreement, and convey the lot. And the injunction was to restrain proceedings in the ejectment as to that lot.

The defendant, in his answer, denies that he made any such contract as in the bill stated, or any contract or agreement to sell any part of the lot, except as contained in a conversation set forth in the answer, had between him and the president of the company, in which he stated that he would sell to the company a lot for a paint shop, on the west side of the public road near which they stood at the conversation, for the price of $400 per acre; but that neither the location nor size of the lot was fixed or agreed upon, but were to be ascertained on a future survey to be made by the parties. But it was understood that the lot was not to extend to the river, or contain any river front.

The answer further states, that in the absence, and without the knowledge of the defendant, the complainant took posses-

sion of a lot extending to the river, which the defendant had not agreed to sell; that he did not acquiesce, but remonstrated against it; that he wrote a letter to the president, stating that the company was taking in much more ground than he had agreed to let it have; that the company, or its agents, took no notice of his remonstrance, but proceeded to take and keep possession, without having the location or dimensions of the lot in any way further ascertained, and has held it ever since, without title from him, or waiting upon him, or having any communication in reference to the matter. The answer sets up the statute of frauds, as a defence to specific performance.

The injunction as to the paint shop lot, can only be sustained on the ground that the complainant has a right to the specific performance of the agreement to convey it. The answer, which is in this respect responsive, fully denies the agreement to convey, stated in the bill, and any agreement whatever to convey, except a verbal agreement that defendant would sell to the company a lot somewhere on the west side of the public road, at the rate of $400 per acre; the lot to be defined and located by a survey yet to be had.

It is an established rule in equity, that specific performance will not be decreed of any agreement, whether verbal or in writing, unless the property to be conveyed is fixed with certainty, or in such way that it can be ascertained with certainty. If anything is to be done in which the concurrence of both parties is necessary to ascertain the location or quantity of the land to be conveyed, it is not such a contract as will be enforced in this court.

If the defendant had signed an agreement in writing, that he would convey to the complainant a lot for a paint shop out of his lands on the west side of a designated public road, the location and quantity to be settled by the parties at a future day agreed upon, this court could not decree specific performance of such a contract. To entitle a party to that relief upon a verbal contract, on the ground of part performance, at least as much certainty is required.

Nor is the part performance, as stated in the answer, such as to entitle the complainant to relief, if the objection stated did not exist to the contract. The part performance must be something done with the actual or constructive assent of the defendant. The mere standing still, and seeing the purchaser take possession of the land agreed to be sold, and erect improvements on it for the purpose for which it was purchased, without remonstrance, might be held as assent. This is fully denied by the answer. And it cannot be that a purchaser at an alleged parol sale, can, by committing a trespass and taking forcible possession of the lands claimed to be sold to him, against the consent of the owner, evade the wholesome provisions of the statute of frauds.

In either aspect, the answer denies the whole equity of the bill on which specific performance would be decreed, and the injunction must be dissolved as to the paint shop lot.

But, although the rule of the court is to dissolve an injunction founded upon the equity alleged in a bill, when that equity is fully denied by the answer, yet the rule is not imperative, but is subject to be modified according to the circumstances of each case, in the discretion of the court.

The immediate possession of the paint shop can be of no great consequence to the defendant; and if it is an important part of the apparatus by which the complainant, an important railway corporation, carries on its business, an eviction from it for a season may be a great detriment to that business. The complainant has been in possession for nearly twenty years, and it is possible, and, I think, probable, notwithstanding the full denial of the defendant, that during that time he may have, in some way that has escaped his recollection, assented to the sale of so much of the lot as is occupied by the paint shop and its appurtenant buildings, and to the occupation of it by the complainant, sufficient to entitle complainant to a specific performance as to that part. It seems to me, therefore, a proper case to exercise the discretion which the court has, so far as to restrain the complainant from being turned out of the possession of so much

of the paint shop lot as is occupied by the paint shop and its accessory buildings, until the determination of this suit. The injunction must, therefore, be dissolved, except so far as to restrain the execution of any writ of possession for that part of the lot, until the further order of this court.

As to the two other strips of land mentioned in the second count of the declaration in ejectment, the complainant does not claim title to them, but only to the easement of a right of way over them; the defendant, in the declaration in ejectment, and in his answer, admits the right of the complainant to maintain one railroad track over them, but no more.

With regard to the objection raised in the bill, and upon the argument, to the uncertainty of the description of the premises in the declaration in ejectment, it can and must be remedied in the Supreme Court. That court has full power to order a bill of particulars with any degree of certainty that may be required.

As to the difficulty alleged on the argument, that may arise from the complainant admitting possession in the ejectment suit, it is a difficulty that must be met by parties or their counsel, in any ejectment suit. If the complainant has the right only to an easement over lands which the defendant is entitled to retain in his possession, then the recovery of the possession cannot injure the complainant. After a writ of possession executed, it will retain the right to any easement it now has, and will have any remedy against the obstruction, that now exists; and the right to the easement for a second or third track, cannot be affected by a recovery in ejectment.

Although the bill alleges that the complainant duly located its road over the lands of the defendant, it nowhere appears in the pleadings whether the two strips of land in the second count, or any part of them, are the lands on which the road was located. If they are, the question may well arise, whether the right to which the complainant by its charter is entitled in such lands, is a mere right to pass over these lands, the possession and control for other purposes remain-

ing in the defendant ; or whether the purpose for which the charter gives them the right " to take possession of, hold, use, and occupy " lands, on which their road is located, does not require that the exclusive possession and control of the whole tract necessary for the road should be in the company, to enable them to protect the trains which run upon tracks occupying but a few feet of its width.

The absolute title and right of *reverter*, may remain in the owner, but the right to the exclusive possession for the objects of the incorporation be in the company, which right may properly be called an easement, as contradistinguished from the absolute title. This may be an unsettled question, and then perhaps there is doubt upon what the law may be ; but it is one peculiarly proper to be determined by the courts of law, where this suit is now pending.

It may also be an important question in this case, whether the eleventh section of the charter of the complainant, set forth in the bill, does not give it the right to the possession of the land included in the survey of the route filed in the office of the Secretary of State, upon such location being filed, subject to compensation afterwards to be made. Such question arose in an action of ejectment against the Morris Canal and Banking Company, reported in 4 *Zab.* 587, upon a clause in its charter similar to this section, and almost in the same words, and like this charter, passed before the Constitution required the compensation to be first made.

Such questions can be tried in an action of ejectment, and the Supreme Court is not only competent, but peculiarly the appropriate tribunal for determining them. And if they arose incidentally in a suit in this court, it would be proper to refer them to a court of law for its determination. That the complainant, by pleading unadvisedly in the ejectment suit, may run the hazard of being beaten in that suit and paying the costs, is not a sufficient ground for the interference of a court of equity, in which it must succeed or fail upon the same principle as at law, and in which the costs may be still greater.

I see no question that can arise as to these two strips of land, which cannot be as well determined in the courts of law as here. And as to them, the injunction must be dissolved absolutely.