20   257
49   387
20   257
56   850

## THORNE *vs.* MOSHER.

1. When any matter of proceeding or practice is required by statute or rule of court to be within a certain number of days, the first day, or *terminus a quo*, is excluded.

2. The doctrine to be deduced from conflicting cases, in cases of forfeiture, is that the day of the event after which, in a specified number of days, the forfeiture occurs, will be excluded. In applying this doctrine to a quasi forfeiture (as where a mortgagor fails to pay interest on a day specified), a court of equity should lean against the construction which favors forfeiture.

3. A mere offer to pay money, though the party actually has the money in a purse in her hand, and is in the act of taking it out, is not a tender, but a refusal to accept is a sufficient excuse for not making the actual tender.

Y *

Thorne v. Mosher.

4. A party is not allowed to take advantage of an act done, or the omission to do it, where such act or omission was designedly caused by himself.

---

This cause was heard upon bill, answer, and proofs. The bill was filed to foreclose a mortgage dated March 1st, 1868, given to secure the payment of $1200 in three years, with interest payable on the first days of March and September in each year, and a proviso that if the interest should not be paid within fifteen days after the same should become due, the whole principal should be due. The interest due on the 1st of September, 1868, was not paid, but just after sunset on the 16th, Mrs. Mosher went to Thorne's house, and offered to pay Mrs. Thorne $42, the interest thereon; she refused to receive the interest, on the ground that it was after the time, that the principal was due; and she insisted on payment of the whole. The defendant had the amount offered in her purse in her hand, which she held out in sight of the complainant, who saw the purse, but not the bills. The defendant had opened the purse, and was in the act of taking out the bills, but stopped on account of the refusal of the complainant to receive the interest.

*Mr. Berry*, for complainants, insisted that this offer being on the 16th day, was too late; that the time expired with the 15th. *Rex* v. *Adderley*, *Doug.* 463; *Clayton's Case*, 5 *Rep.* 1; *Glassington* v. *Rawlins*, 3 *East.* 407.

He further insisted that what was done did not amount to a tender. The money was never offered to the complainant. That an offer of money, or its equivalent, is necessary to constitute a tender.

*Mr. W. B. Williams*, for defendants.

This suit is brought to compel the payment of the principal sum secured by bond, and a mortgage on the real property described in the bill, which mortgage, by its terms, will not be due until March 1st, 1870. The interest on said

principal sum was made payable semi-annually, and was due on the first day of March and September, in each year.

The bond and mortgage also contain the following interest clause: It is hereby expressly agreed, that should any default be made in the payment of the said interest, or any part thereof, on any day whereon the same is made payable, as above expressed, and should the same remain unpaid and in arrear for the space of fifteen days, then and thenceforth the aforesaid principal sum of twelve hundred dollars, &c., shall, at the option of the said party of the second part, become due, &c.

On the 1st day of September, 1868, the sum of $42 interest became due on said bond and mortgage, and the bill herein alleges that the same remained unpaid for more than fifteen days after it became due, and, in consequence thereof, the complainants had a right to elect, and have elected, that the whole principal sum should become due.

On the 16th day of September, 1868, at about six o'clock P. M., the defendant, Ellen Mosher, went to the house of the complainants for the purpose of paying said interest, which became due on the first day of the same month, and was at that time able and ready to pay, and offered to pay the same to the complainants.

The complainants then and there positively refused to receive said interest.

The defendants have, at all times since said 16th of September, been ready and willing to pay said interest to complainants. By their answer they offered to pay said interest, and brought and paid the same into court at the time of filing their answer. The defendants have paid, and complainants received the interest which has become due on said mortgage since the commencement of this suit.

The suit of complainants rests on the allegation that $42 interest was due on the 1st day of September, 1868; that the same was not paid, but remained due and unpaid for more than fifteen days after it became due.

The allegations of the bill are not sufficient.

1. It was necessary to allege and prove that default had been made in the payment of said interest on the day whereon the same was made payable, and that the same had remained unpaid and in arrear for the space of fifteen days. (See interest clause in bond and mortgage.)

2. The bill alleges that the interest was due on the 1st day of September, 1868. It was due the whole of that day, and default in payment thereof had not been made until the whole of that day had passed.

The complainants had no right of election—1, until default had been made; 2, until said interest had remained unpaid and in arrear for the space of fifteen days thereafter, that is, after default; for the interest could not be in arrear on the day on which it was due.

The complainants, therefore, had no right of election that the principal sum should become due until the 16th of September had fully passed. But on the 16th the defendants offered and sought to pay said interest, and the complainants positively refused to receive it.

3. The offer was a sufficient tender; the defendant, Ellen Mosher, having the money in her hand, though in her porte monnaie, which was exhibited to complainants. *Bakeman* v. *Pooler*, 15 *Wend.* 637, and authorities there cited.

But whether it was strictly a legal tender or not, the *bona fide* offer to pay, coupled with ability, was sufficient, for the complainant's refusal to receive the money was a waiver of tender. *Noyes* v. *Clark*, 7 *Paige* 179; *Stone* v. *Sprague*, 20 *Barb.* 509; *Bellinger* v. *Kitts*, 6 *Barb.* 273.

This is on the principle that no man is bound to perform a nugatory act. *Broom's Legal Maxims, p.* 192.

4. The plain and natural import of the words of that clause of the bond and mortgage on which complainants rely, is that the mortgagors were to have fifteen days after the day on which the interest became due, before the penalty could be claimed. Defendants so understood it.

5. But if the intent of the contract were doubtful, and a construction is to be put upon its words, the day on which

the interest became due must, according to the weight of authority, be excluded in the computation of time.

The rule is, that in the computation of time from a date, or the day of a date, or from an event happening, the day of the date or of the event is to be excluded. *Ex parte Dean,* 2 *Cow.* 605; *Snyder* v. *Warren, Ibid.* 518; 4 *New Hamp. R.* 267; 5 *New Hamp. R.* 462; 9 *New Hamp. R.* 304; 6 *Paige* 147.

The most that can be said in favor of complainants' construction of the default clause of the bond and mortgage is, that the rule of computation of time, in such cases, is an open one, to be decided, in each case, according to the words of the contract, the context, and the circumstances and nature of the case. *Ex parte Dean,* 2 *Cow.* 605; *Presbrey* v. *Williams,* 15 *Mass.* 193; and the English case, *Lester* v. *Garland,* 15 *Ves. p.* 248.

6. The courts do not favor penalties, and will not unnecessarily so construe the language of the contract as to make a technical case and create a penalty.

The complainants show no equity; they have suffered no damage, except by their own act, and are not entitled to favor.

The only intent of the penal clause is to secure the payment of the interest; that being done, equity will not enforce a technical penalty, certainly not in a doubtful case. 2 *Story's Eq. Jur., p.* 528.

7. The receiving of interest due since the commencement of this suit was a waiver of the alleged default. *Dumpor's Case,* 1 *Smith's Lead. Cas.* [15]; *Taylor's Landlord and Tenant* 361, § 497.

The bill should be dismissed, with costs.

THE CHANCELLOR.

The first question is, whether the offer was made in time. And that depends upon the question whether the first day, and the day on which the interest became due, shall both be computed as part of the fifteen days. The natural and usual

meaning of the words would reject the first day. No one would consider that any act to be done in *one* day after a stated event, should be done on the same day, but on the day after. The law disregards fractions of a day, and if the day begins and ends at twelve at midnight, any act done within the twenty-four hours succeeding midnight, is done on the next day, although done in one hour after an act referred to in the preceding twenty-four hours.

But the decided cases, both in England and this country, differ very much as to the rule in such case. Most of the law courts in this country, including the Supreme Court of this state, have settled that when any matter of proceeding or practice is required by statute or rule of court to be within a certain number of days, the first day, or *terminus a quo*, is excluded. And I find no case among the number of contradicting cases which I have examined, that holds, in case of forfeiture, that the day of the event after which, in a specified number of days, the forfeiture occurs, will be included. And in applying the doctrine to be deduced from conflicting cases to a quasi forfeiture, as this is, a court of equity should lean against the construction which favors forfeiture.. I am of opinion that the offer was made in time.

This offer was neither payment nor tender, but the refusal was an excuse for not making the tender. In this case, the money was in the defendant's hands at the making of the offer, and could have been seen by the complainant, but was not. It would have been taken entirely out of the purse and offered to her, had she not positively refused to take it. This is a sufficient excuse for not making the actual tender. A party is not allowed to take advantage of an act done, or the omission to do it, where such act or omission was designedly caused by himself.

In this case, it would be most inequitable to hold that the principal of this bond is due, when the offer of payment was deliberately refused, and that refusal prevented the defendant from proceeding further. No woman, of good common sense, would think it necessary to go through the form of stretch-

ing out a roll of bills to another, who had just announced her determination not to receive them. This offer must be considered as equivalent to a tender to prevent the principal of this mortgage from becoming due.