## LEWIS' ADMINISTRATOR *vs.* REICHEY.

1. A description of property in a receipt, as follows: "Received, Newark, N. J., December 9th, 1874, of G. L., the sum of $500, in full for title to property held by H. R. on Bruce street and Thirteenth avenue, and South Orange avenue, in city of Newark, N. J., which said title is held by said R. by declaration of sale from mayor and common council of Newark," (signed) A. M. H., attorney for H. R., &c., was held sufficient to warrant a decree for specific performance.

2. It was held, under the evidence, that the attorney was authorized to make the contract for the defendant.

---

Bill for specific performance. On final hearing on pleadings and proofs.

*Mr. W. H. Francis*, for complainant.

*Mr. S. H. Baldwin*, for defendant.

THE CHANCELLOR.

George Lewis, the intestate, was, from 1848 to the time of his death in 1875, after the commencement of this suit, the owner of a tract of land in Newark. From 1857 to 1871 he, with his family, resided in Ohio, from which state he returned to New Jersey in 1871. After his return, and in 1874, he discovered that the land above mentioned had been sold for non-payment of an assessment made under the charter of the city, (and amounting, with interest and costs, at the time of sale, to $22.04,) and purchased at the sale by the corporation of Newark, for a term of fifty years, and that the corporation had sold the tax title for that sum to the defendant, by whom it was then, as it still is, held. Shortly afterwards, in the fall of 1874, he applied to the defendant with a view to purchasing the tax title. The result of their interview was, that the latter made an appointment to meet him at the office of Mr. Hassell, the defendant's attorney, in Newark. At the time designated, Mr. Lewis went, according to appointment, and met the defendant, who was in company with Mr. Lueddeke, a friend of the latter, at the street door of the building in which Mr. Hassell's office was. The defendant then told him, according to Mr. Lewis' testimony, that Mr. Hassell had gone to New York, but that he, the defendant, had left the matter entirely with him, and had authorized him to settle and cancel the tax title for $500. On Mr. Lewis objecting to the amount as being too large, the defendant, Mr. Lewis says, replied that Mr. Hassell was fully authorized to settle the matter, and if Mr. Hassell chose to take $100, he, the defendant, would agree to it; that whatever Mr. Hassell agreed to he would sanction. Mr. Lewis testifies that he saw Mr. Hassell the next day; that the latter told him he was authorized to settle for $500; that he got the money, and offered it

to Mr. Hassell, who refused to take it, but said he would go with him to the house of the defendant; that they went, and not finding the defendant at home, they returned, and Mr. Lewis gave to Mr. Hassell five bills of $100 each, for which the latter gave him the following receipt:

"Received, Newark, N. J., December 9th, 1874, of George Lewis the sum of five hundred dollars, in full for title to property held by Henry Reichey, on Bruce street and Thirteenth avenue, and South Orange avenue, in city of Newark, N. J., which said title is held by said Reichey by declaration of sale from mayor and common council of Newark, and which shall be assigned to said Lewis within two days from the date hereof.       "ABRAM M. HASSELL,

"*Attorney for Henry Reichey.*"

The questions on the decision of which this case depends are, whether the receipt, if made by authority of the defendant, is sufficient to bind him; and, if so, whether Mr. Hassell was authorized to contract for the defendant.   The counsel of the latter insists that the receipt is not binding, because it does not sufficiently describe the property.   The location of the property is given.   The land lies together, on the street and avenues mentioned in the receipt.   The defendant does not claim to have had any other title, by declaration of sale, from the corporation of the city of Newark.   The description is sufficient.   The maxim *id certum est quod certum reddi potest,* applies.   Where an agreement in writing for the sale of a house did not, by description, ascertain the particular house, but spoke of it merely as "the house, &c., in Newport," and referred to the deeds by saying, "the money to be paid as soon as the deeds can be had from Mr. Deere," it was held that the agreement was sufficiently certain, if it could be ascertained, by inquiry before a master, that the deeds in the possession of the person named, referred to the house in question. *Owen* v. *Thomas,* 3 *M. & K.* 353.   Here the declaration of sale referred to will give all requisite certainty as to the subject of the contract.   The weight of the evidence is, that Mr. Hassell was the duly authorized agent of the defendant to

contract to sell, and to make the agreement to assign the tax title, the term of years mentioned in the declaration of sale. He testifies to the fact unequivocally, and with circumstance. He says that on the day above referred to as that for which the appointment was·made, the defendant and Lueddeke came to his office and spoke of the appointment, and on his inform- ing them of his engagement to go to New York, they both directed him to accept $500 for the tax title. He further says that he was authorized by the defendant to " receive from Mr. Lewis $500 for a full assignment of the entire declara- tion of sale." He also says, he thinks he saw the declaration of sale, and that it was put into his hands ; that the defendant, before the agreement for assignment was made between the witness and Mr. Lewis, instructed him to assign the declara- tion to Mr. Lewis for $500, and that Lueddeke was present at the interview at the witness' office, in which the instruction was given. The defendant, in his testimony, admits that he gave Mr. Hassell authority to sell, but denies that he author- ized him to sell his tax title to the whole of the land included in the declaration of sale. He says he told Mr. Hassell, when he went to see him, to say to Mr. Lewis he could. " have the claim back " (referring to the assignment of the tax title,) for $500, without expenses, and if he, Mr. Lewis, was satisfied with the terms, Mr. Hassell could make out the papers. He says, indeed, that he did not authorize Mr. Hassell to close up the bargain, but he also says subsequently, that he told Mr. Hassell what part to sell ; that he told him to sell " all from Koelhoeffer's corner on beyond Thirteenth avenue as far as Mr. Lewis owned, and then round to the shop " of the latter. He adds that that was all he owned at the time, and that he never made any agreement with Mr. Lewis other than this, or authorized Mr. Hassell to make any other. Here there is an admission that he did authorize Mr. Hassell to sell to Mr. Lewis. But further, he says he told Mr. Hassell that if Mr. Lewis wanted to " get back the declaration of·sale " for $500 for that part of the property, he could have it, and that he

authorized Mr. Hassell to say so to Mr. Lewis for him, and that he told Mr. Hassell that if Mr. Lewis was satisfied, he could make out the papers. He clearly authorized Mr. Lewis to pay the sum to be agreed on between him and Mr. Hassell, to the latter, and authorized the latter to receive it for him, and to sell or agree to assign his title (he says as to part of the property only,) to Mr. Lewis, in consideration of the payment. Lueddeke, who was present at the examination of witnesses in the cause, was not called by the defendant, and there is no corroboration of the defendant's testimony on the subject of the instructions to Mr. Hassell in the particulars in which it differs from that of the latter and Mr. Lewis. There will be a decree for specific performance.