WILLIAM H. FLATTAU

*v.*

ANNIE E. LOGAN and PATRICK J. LOGAN.

[Decided January 19th, 1907.]

A court of equity will not decree the specific performance by vendor of a contract for the sale of land when the vendor is not the owner of the equitable title of the land which he has agreed to convey.

On motion to strike out bill.

Complainant, as vendee, seeks specific performance, from his vendor, of a contract for the sale of certain lands in the city of Long Branch. Defendants move against the bill of complaint, pursuant to rule 213 of this court, upon the ground that the facts set forth in the bill disclose a contract upon the part of the vendor to convey lands of which he is not the owner, as well as a contract in which there is an absence of mutuality of obligation and which a court of equity will not, in consequence, enforce by its decree. The bill avers the execution of a contract in writing between the parties wherein defendants agreed to sell, and complainant to purchase, certain lands for a price and at a time named in the contract, free from all encumbrances or liens (except a certain mortgage which complainant agreed to as-

sume), and that complainant made the first payment according to the terms of the contract and tendered the balance at the time named in the contract; and that defendants have failed to perform their agreement and claim that they cannot make a deed to the land free from encumbrances and liens because of the existence of a prior agreement, made by them and recorded prior to the agreement with complainant, wherein they agreed to convey the same land to another person; and also because of the pendency of certain condemnation proceedings in the supreme court for the appropriation of the land in question, in which cause a *lis pendens* was filed and recorded prior to the execution of the agreement with complainant. The bill avers the existence of the prior agreement and its record and the *lis pendens* and its record as prior in date to the agreement sought to be enforced, and prays that defendants may be decreed to convey the land in question to complainant freed and discharged of these liens and encumbrance.

*Mr. John W. Slocum,* for the complainant.

*Mr. J. Fithian Tatem,* for the defendants.

LEAMING, V. C.

It seems manifest that a decree of specific performance cannot properly be made in this case. If the prior recorded agreement for the sale of the land in question is a valid and subsisting agreement, and the bill does not suggest to the contrary, the equitable title to the lands has passed from defendants and they cannot be regarded as the owners of the lands which the bill seeks to compel them to convey to complainant. The pendency of the condemnation proceedings, in like manner, renders it impossible for defendants to convey the land to complainant in the manner agreed. It has been repeatedly held by this court that it will not decree the specific performance by a vendor of a contract for the sale of land where the vendor is not the owner of the land which he has agreed to convey. The inability of the court to enforce such a decree is alone a sufficient ground for

its refusal to act in such cases. *Welsh* v. *Bayaud, 21 N. J. Eq.*
*(6 C. E. Gr.) 186; Peeler* v. *Levy, 26 N. J. Eq. (11 C. E. Gr.)*
*330; Ten Eyck* v. *Manning, 52 N. J. Eq. (7 Dick.) 47; Hop-*
*per* v. *Hopper, 16 N. J. Eq. (1 C. E. Gr.) 147, 149.*

It is frequently said, in cases of this class, that inasmuch as
the vendee cannot enforce specific performance against his ven-
dor, who is without title, such a vendor will not be permitted
to enforce the contract against his vendee. Contracts of this
class are therefore frequently regarded as without that mutu-
ality of obligation and remedy which should exist to entitle them
to be specifically enforced at the instance of either party. *Ten.*
*Eyck* v. *Manning, supra.*

I find the motion of defendants to be well founded and will
advise a decree dismissing the bill.