The title to the land involved was in the adult children and two infant grandchildren of William H. Mosher, his heirs-at-law. An adult heir filed a bill for partition. At the partition sale Elizabeth Van Buskirk, one of the heirs, was the purchaser at $5,000, under an arrangement among the adult heirs that she should bid in the land and hold it in trust for them for an advantageous price at private sale, and they authorized her to sell for not less than $14,000. It was the design to exclude the infant grandchildren. Mrs. Van Buskirk later entered into a contract to sell two of the three tracts, forty-eight acres, in Livingston, Essex county, to the Herbert Investment Company for $15,000. Thereupon the complainant, one of the heirs, apparently apprehensive, filed this bill to have the trust declared in favor of all the heirs, including the grandchildren, and the Herbert Investment Company, being let into the suit as a party defendant, filed a counter-claim to enforce the contract of sale.
Mrs. Van Buskirk's agreement to hold the land in trust for the adult heirs only is abortive. It was her and their duty as tenants in common in possession to protect the common title and consequently they could not defeat the common right of the infant grandchildren by collusively procuring a judicial sale to one of them for an inadequate price. In the circumstances the law raises a trust in favor of the infants. *Page 91 Breitman v. Jachnal, 99 N.J. Eq. 243; affirmed, 100 N.J. Eq. 559; Brant v. Nugent, 100 N.J. Eq. 396.
Mrs. Van Buskirk's contract to sell the land, including the infants' estate, is unenforcible unless the contract be sanctioned by this court (Day v. Devitt, 79 N.J. Eq. 342) and the court's consent will not be given unless the contract be of advantage to the infants. That is not shown. The burden is on the purchaser to show the consideration to be reasonably fair.Bettcher v. Knapp, 94 N.J. Eq. 433. The price is inadequate. The land is desirable for subdivision and it is in demand. There is dependable evidence that the tracts were worth $650 per acre at the time of the contract and that they are now worth $1,000. There is testimony that the price of $15,000 was fair, but most convincing proof that it was not is the fact that the purchaser immediately sold his contract for $20,000. The court would fail in its duty if it ratified the sale of the infants' estate in the face of this proof.
The Herbert Investment Company's equitable defense of bonafide purchaser for value is not sustained. It had paid but $500 of the purchase price when it learned of the trust and the infants' beneficial interest. It is settled law that the defense of bona fide purchaser can be maintained only if the entire consideration price has been paid before notice of prior equities. Where part of the consideration has been paid before notice and he thus becomes a bona fide purchaser pro tanto
the measure of his relief against the prior equity is the return of his money. Haughwout v. Murphy, 22 N.J. Eq. 531.
The trust will be declared, the Herbert Investment Company will be decreed its down money. *Page 92