April 11th, 1931, the defendant William F. Headley, a member of the bar of this state, signed an agreement in writing dated Newark, New Jersey, April 9th, 1931, whereby (it is alleged) he agreed to convey lands at Lake Hopatcong to the complainant, John H. Miller. The agreement reads as follows:
"Whereas, under a certain decree dated March 3, 1931, in foreclosure John F. Gentzel vs. Roxbury Lumber Company, there is due J.F. Gentzel $5,450.00 principal and interest $213.67 costs and sheriff's fees which amount to about $5,800.00 and
Whereas the party of the second part hereto has offered $4,000.00 for an assignment of this mortgage, party of the first part, William F. Headley, agrees to procure an assignment of said mortgage and decree for said sum of $4,000.00 to be paid $500 check herewith and Balance Thirty-five hundred dollars on or before May 15, 1931. Party of the first part further agrees at his own expense to continue said foreclosure proceedings and in event he can purchase said property for a sum not in excess of amount due on said first mortgage, to convey said property to John H. Miller party of the second part hereto provided balance of $3,500.00 is paid on or before May 15th, 1931."
All dates hereinafter mentioned refer to the year 1931 and I shall designate the lands in question as tracts A and B. Said lands were under foreclosure and were advertised for *Page 438 
sale in the suit mentioned in said agreement and Headley was Gentzel's solicitor of record therein. Headley proceeded with the sale, purchased the tracts for $500 in his own name, had the sale confirmed and took title in his name by sheriff's deed dated April 13th. Notwithstanding his agreement with Miller, Headley entered into a written agreement with William Hockenjos, Jr., dated April 23d, to convey tract A to him for the consideration of $3,000, of which $1,000 was paid on the execution of the contract and the balance of $2,000 was to be paid May 20th, on which day Headley was to deliver his warranty deed conveying tract A to Hockenjos, free from encumbrance. May 14th Headley made an appointment to meet Hockenjos the following day in Dover, at the office of Mr. Meyerson, attorney for Hockenjos, to close title under the Hockenjos contract. On the night of May 14th, Buck, Miller's representative, called on Headley at his home in or near Newark, presented Miller's certified check for $3,500 and a letter from Miller requesting Headley's deed pursuant to Headley's agreement for the sale of tracts A and B and Headley made an appointment to meet Buck at his (Headley's) office the following morning and the two met there. Buck requested Headley's deed to Miller and again tendered Miller's certified check, which check Headley refused, saying he wanted cash. Headley had prepared a warranty deed to Miller which he and his wife had executed and acknowledged and he testified he believed he had prepared it after Buck's call the night of May 14th, and he produced the deed at the trial. It is dated May 1st, and bears the signature of Headley and his wife and a certificate of acknowledgment dated May 14th, and describes tracts A and B as the land to be conveyed. He further testified that he had no intention of delivering the deed even had Buck tendered him cash therefor, but did not so state to Buck. When Headley told Buck he wanted cash, Buck said he would return to Headley's office that afternoon with the cash and Buck left for Rockaway, where Miller lived, got the cash and was back at Headley's office before five P.M. Headley was not there and Buck made *Page 439 
tender of the cash to the person in charge of the office, and upon refusal of acceptance went to Headley's home and after a fruitless wait of two hours for Headley, made tender to the latter's son. The next morning Buck went to Headley's office to make further tender but Headley was not there. Miller thereupon placed the matter in the hands of his solicitor, who, on May 18th, filed the bill of complaint in this cause for specific performance of Headley's contract to convey tracts A and B and named as defendants therein, Headley, his wife and John F. Gentzel. He also issued subpoena to answer, filed a lis pendens
and had the subpoena served on Headley, all on May 18th. A prolix and involved joint answer was filed for all defendants, from which I gather that the defense intended to be interposed to the bill is that Headley's agreement was not accepted by Miller, but was repudiated; that the defendants were willing and offered to assign the mortgage and decree mentioned in the agreement and to convey the property in question to Miller, but he refused to accept the same; that there was no consideration for the agreement and that Miller made no tender of performance. The answer does not set up as defense that Headley was not authorized by Mrs. Headley, or by Gentzel, to enter into the agreement, or that Headley did not acquire title for himself at the sheriff's sale.
After Headley had refused Miller's certified check on the morning of May 15th, and had refused to deliver his deed for tracts A and B, ostensibly because he wanted cash, Headley went to Mr. Meyerson's office the afternoon of that day and there met Mr. Meyerson and Hockenjos. He was then tendered a certified check for the balance due under the Hockenjos contract and his deed was requested, which deed Headley declined to deliver unless Hockenjos would agree to reconvey to him within thirty days, to which condition Hockenjos refused assent, whereupon Headley said he would not close title that day but would return May 20th, the date fixed in the Hockenjos contract. Mr. Meyerson was suspicious that Headley intended to default on his contract and he filed the *Page 440 
Hockenjos contract for record in the county clerk's office May 16th. On May 20th Headley met Hockenjos again at Mr. Meyerson's office and delivered a warranty deed executed by his wife and himself to Hockenjos, for tract A, dated May 18th, and received the $2,000 balance under the Hockenjos contract. This deed was recorded May 21st. Two days before the delivery of this deed Headley had been served with subpoena to answer in the Miller suit, but he concealed the pendency of that suit from Hockenjos and Meyerson. Meyerson had expected to close title for tract A May 15th, and had made a title search to that date, at which time no cloud appeared on Headley's title, and when closing title May 20th, Meyerson did not continue his title search and was without knowledge of the pendency of the Miller suit but relied on the assurance of Headley, a brother lawyer, that the title was clear. He did not learn of the Miller suit until May 29th, and on June 10th he filed a bill for Hockenjos against Headley and Miller, praying that his client's rights in tract A be adjudged paramount to the rights of Miller therein, or, in the event that Miller's rights be found superior to Hockenjos' and that Headley should be decreed to convey tracts A and B to Miller, that Miller be directed to apply the consideration for conveyance of tracts A and B toward the return of the $3,000 consideration paid by Hockenjos to Headley and the expense of title examination and the damages suffered by Hockenjos for Headley's breach of the Hockenjos contract. In the Hockenjos suit Miller answered asserting his claim to a conveyance for tract A to be superior to Hockenjos' title, and a decree pro confesso was entered against Headley. Both suits were referred to me for hearing and by consent of all counsel were heard together.
By Headley's contract with Miller, Headley purported, first, to bind himself to obtain an assignment of mortgage and decree from his client Gentzel, who was the owner of a mortgage upon the foreclosure of which a final decree had been entered and, second, he bound himself, not as Gentzel's solicitor, but personally, to convey tracts A and B to Miller *Page 441 
in case he (Headley) should purchase the property at the foreclosure sale. In his answer Gentzel states that he was willing and offered to asign the mortgage and decree to Miller, but there is no evidence that such an offer was ever made and the contract specifically gives Miller until May 15th to take such assignment. Advertisement of sale under the decree had been published, fixing the sale for the second day after Headley signed the Miller contract and instead of adjourning the sale and waiting until May 15th for Miller to take an assignment and pay the balance of the agreed purchase price, Headley proceeded with the sale, purchased the property and took title in his own name, thus making it impossible for Miller to obtain an assignment of the mortgage and decree. The contract contemplated the possibility that the mortgage and decree might not be assigned to Miller and that the foreclosure sale would proceed and that Headley would be the purchaser thereat. As I have said, Headley bound himself, upon the happening of that event, to convey to Miller. Headley contends that he never had notice that Miller accepted the contract, but as down payment on the contract, Miller gave his check for $500 drawn to Headley's order as solicitor for Gentzel, which check Headley endorsed as such solicitor and again as an individual and Headley received, kept and still has the proceeds and Miller's check was sufficient evidence of acceptance. Moreover, subsequent to signing the contract, Headley discussed it with Miller and made several attempts to induce Miller to cancel it and accept return of the $500 deposit, but Miller refused and there is not the slightest evidence that Miller repudiated the contract at any time. Gentzel was not called as a witness and it does not appear that in the purchase of the property at the sheriff's sale, Headley was acting as Gentzel's agent. The answer filed by Headley and Gentzel does not set up any such defense and Gentzel has allowed Headley to hold himself out as the true owner of the property. After his purchase of the property Headley dealt with it as his own. He executed a lease for part of it to a corporate lessee; *Page 442 
he endeavored to induce Miller to accept conveyance for tract B alone; he executed, but refused to deliver, a deed to Miller for the whole and he executed and delivered a contract and deed to Hockenjos for tract A, and to none of these acts of ownership did Gentzel object or does he now appear to object. It seems clear that after Headley acquired the title he was free to deal with it as he wished.
Headley raises some technical objections that the contract is unilateral and too indefinite and uncertain for enforcement. He drew the contract himself on a sheet of his business paper bearing his name and office address. As a lawyer of twenty-five years standing, he must have intended it to have binding force and he cannot be suspected of deliberately preparing the agreement in such a manner as to provide legal means of escaping its performance; hence all doubts and omissions should be resolved against him so far as possible. Objection that the contract is unilateral because not signed by Miller, is without force. Upon Miller's offer of performance by filing his bill, the contract became mutual. Krah v. Wassmer, 75 N.J. Eq. 109;affirmed, 78 N.J. Eq. 305; Lean v. Leeds, 92 N.J. Eq. 455;South Jersey Furniture Corp. v. Dorsey, 95 N.J. Eq. 530;affirmed, 99 N.J. Eq. 433. The contract discloses an agreement by Headley to sell. Wollenburg v. Rynar, 96 N.J. Eq. 38;Celendano v. Blazejewski, 98 N.J. Eq. 45; Franklin v. Welt,98 N.J. Eq. 602. The land is sufficiently described. Camden andAmboy Railroad Co. v. Stewart, 18 N.J. Eq. 489; King v.Ruckman, 21 N.J. Eq. 599; Lewis' Adm'r v. Reichey, 27 N.J. Eq. 240; Champion v. Genin, 51 N.J. Eq. 38; Riley v. Hodgkins,57 N.J. Eq. 278; Bateman v. Riley, 72 N.J. Eq. 316; Wollenburg v.Rynar, supra. The contract was drawn and executed at Headley's office, bears his office address and is dated at Newark. It does not specify place or hour for delivery of the deed. Tender of the balance of the purchase price at Headley's office on the day fixed by the contract, at any time during the usual business hours of the day, would be held to be reasonable compliance with the terms of the *Page 443 
contract (King v. Ruckman, supra; Reynolds v. O'Neil,26 N.J. Eq. 223; Cramer v. Mooney, 59 N.J. Eq. 164; Lean v.Leeds, supra), but Miller sought out Headley and they agreed on a place and hour. Tender of the purchase price in cash was not necessary under the circumstances. Headley's conduct prevented such tender and his testimony being that he would not have delivered a deed to Miller had cash been tendered. Thorne v.Mosher, 20 N.J. Eq. 257; Trenton Street Railway v. Lawlor,74 N.J. Eq. 828; Meyer v. Reed, 91 N.J. Eq. 237. The contract failing to provide for the kind of deed to be given, a conveyance in fee is supposed to have been intended by deed of bargain and sale. Lounsbery v. Locander, 25 N.J. Eq. 554; Sargent v.Realty Traders, 82 N.J. Eq. 331. Headley had prepared and executed a conveyance in fee to Miller, which indicates his understanding of the contract requirements in this respect.
I am satisfied that Miller had a contract with Headley which he was entitled to have Headley perform on May 15th and the question now is as to the effect on Miller's right, of Headley's conveyance of tract A to Hockenjos May 20th. Hockenjos is not a party to the Miller suit although he should have been made a defendant because of his record interest in tract A under his contract recorded before the Miller bill was filed, but as to the further interest which Hockenjos subsequently acquired by Headley's deed, he will be bound by a decree against Headley at Miller's suit because he (Hockenjos) acquired such further interest after the Miller bill was filed and subpoena issued and after the filing of notice of pendency of that suit. Haughwout
v. Pomeroy, 22 N.J. Eq. 531; Straus v. Loudenslager, 96 N.J. Eq. 678; Feld v. Kantrowitz, 99 N.J. Eq. 847. As already stated, the suits of Miller against Headley and Hockenjos against Headley and Miller were heard together. Through his counsel Hockenjos participated in the trial of the suit of Miller against Headley practically to the same extent as though he was a party thereto, so that the absence of Hockenjos' name in the pleadings in the Miller suit will not absolve him from the *Page 444 
binding force of a decree therein. Lyon v. Stanford, 42 N.J. Eq. 411; Straus v. Loudenslager, supra. In fact, when Hockenjos learned of the suit of Miller against Headley, he could have applied to be made a party thereto instead of filing an independent bill, and to keep the record straight, I shall direct that the Miller bill be amended by making Hockenjos a party thereto; that the bill of complaint filed by Hockenjos against Headley and Miller be taken as Hockenjos' answer and counter-claim to the Miller bill and that Miller's answer to Hockenjos' bill be considered as an answer to the counter-claim.
Upon the delivery of Headley's contract with Miller, the latter became the equitable owner of tracts A and B and Headley held the legal title as trustee for Miller. Haughwout v. Pomeroy,supra; Dean v. Anderson, 34 N.J. Eq. 496; Flattau v. Logan,72 N.J. Eq. 338; McVoy v. Baumann, 93 N.J. Eq. 360, 638; Kotok
v. Rossi, 94 N.J. Eq. 327. When Hockenjos contracted with Headley to purchase tract A and paid $1,000 on account of the purchase price, he did not know of Headley's prior contract with Miller, and as a bona fide purchaser without notice he is entitled to be protected for such payment, but when he accepted Headley's deed for tract A and paid the balance of his purchase price, he was not a purchaser without notice, because a lispendens in the suit of Miller against Headley was then on record and under the Lis Pendens act (P.L. 1930 ch. 119) he is deemed to have acquired his further interest with knowledge of the Miller contract. To the extent of the $2,000 balance of the purchase price Hockenjos paid for his deed, he was not a bonafide purchaser without notice and he is not entitled to hold title to tract A as against Miller, the equitable owner thereof.Haughwout v. Pomeroy, supra; Dean v. Anderson, supra;Brinton v. Scull, 55 N.J. Eq. 747, reversed on other grounds,Ibid. 489; Flattau v. Logan, supra; Weidenbaum v. Raphael,83 N.J. Eq. 17; Bridgewater v. Ocean City Association, 85 N.J. Eq. 379; affirmed, 88 N.J. Eq. 351; Kotok v. Rossi, supra;Schwarz v. Munson, *Page 445 94 N.J. Eq. 754; Toplan v. Hoover, 100 N.J. Eq. 466; Mosher
v. Van Buskirk, 104 N.J. Eq. 89.
There will be a decree in the Miller suit setting aside Headley's conveyance to Hockenjos of tract A and directing conveyance of tracts A and B by Headley to Miller in fee-simple free from encumbrances. Headley prepared, executed and acknowledged a full covenant and warranty deed to Miller, but he may claim now that such deed was executed in the mistaken belief that the contract provided for a deed in that form, or that when he executed it, he had no intention of delivering it. In any event a full covenant and warranty deed is not required by Headley's contract and therefore the decree will direct the delivery by him of a bargain and sale deed.
Headley's wife, the defendant Etta M. Headley, did not execute and acknowledge the Miller contract but she executed and acknowledged the warranty deed prepared by her husband. The answer filed by her does not specifically allege that she disavows the contract and is unwilling to join with her husband in a deed conveying her dower right. She did not appear at the trial and her absence was unexplained and no evidence was offered touching her willingness or unwillingness to execute a deed to Miller. She was not a party to her husband's contract with Hockenjos and yet she executed the deed which carried out its terms and thereby released her dower right in tract A. In the absence of evidence to show her attitude toward joining in a deed to Miller, I regard her failure to assert by answer her unwillingness to convey, her failure to testify with respect thereto and the fact that she executed and acknowledged the aforementioned warranty deed to Miller, as evidencing her willingness to convey and I would advise a decree that the executed warranty deed be delivered to Miller (Hulmes v.Thorpe, 5 N.J. Eq. 415; Krah v. Wassmer, supra; Luczak v.Mariove, 92 N.J. Eq. 377; affirmed, 93 N.J. Eq. 501; SouthJersey Furniture Corp. v. Dorsey, supra; Hollander v. Abrams,99 N.J. Eq. 254; affirmed, on other grounds, 100 N.J. Eq. *Page 446 298), were it not that such a deed is not demanded by the contract. The decree will provide that for the full balance of the contract price, Headley shall deliver a deed conveying tracts A and B free from encumbrance or, should his wife refuse to join in such deed, then the decree will direct his conveyance subject to her right of dower and in that alternative, to deliver to Miller a bond of indemnity for an amount to be fixed by the decree, with security to be approved by a master, to indemnify Miller against any claim of dower by Mrs. Headley. The decree will further provide that in case Headley fails to provide the indemnity bond, Miller may retain in his hands out of said balance of the purchase price the value of Mrs. Headley's dower right, which amount will be ascertained in accordance with our mortality tables and will be stated in the decree. Young v.Paul, 10 N.J. Eq. 401; Stein v. Francis, 91 N.J. Eq. 205;Schefrin v. Wilensky, 92 N.J. Eq. 109, 705.
All parties being before the court the decree should provide for complete adjustment of their rights. Brinton v. Scull,supra; Weidenbaum v. Raphael, supra; Schwarz v. Munson,supra; Mosher v. Van Buskirk, supra. The balance of the purchase price to be paid by Miller to Headley for a conveyance free from encumbrance is $3,500 and the decree should direct that from that sum Miller shall deduct his costs of this suit and then apply the balance to pay Hockenjos the sum of $3,000 (the consideration money which Hockenjos paid Headley) with interest from the dates of payment thereof and Hockenjos' costs of suit on his counter-claim against Headley. Any balance then remaining should be paid to Headley. Hockenjos' claim against Headley for expense of title examination and for damages for breach of contract cannot be determined here but must be left to suit at law. The bill of complaint in the suit of Hockenjos against Headley and Miller should be dismissed, without costs. *Page 447