## REILLY *vs.* SMITH and wife.

1. Where a wife refuses to join in a conveyance of lands which her husband has sold, and there is no proof of fraud on the part of the husband in her refusal, the court will not compel the husband to procure a conveyance or release by her, or require him to furnish an indemnity against her dower.

2. Specific performance in such case refused, and the purchaser left to his remedy at law, it not appearing that he was willing to pay the full balance of the purchase money and accept a deed from the vendor alone.

On final hearing on pleadings and proofs.

*Mr. M. R. Kenny,* for complainant.

*Mr. E. E. Coe,* for defendants.

THE CHANCELLOR.

This is a suit for specific performance. The defendant, Michael Smith, being the owner of a house and lot in Newark, employed Davis and Redrige, auctioneers, of that city, to sell the property for him at public auction. The sale was made and the property struck off to the complainant at $875, cash. Smith was satisfied with the sale and so expressed himself. The complainant complied with the terms, paying $50 on account of the purchase money, at the close of the sale. The auctioneers gave him a receipt for the money, acknowledging the sale and specifying the time and place when and where the balance of the price was to be paid and the deed delivered. Though the complainant was ready, at the time and place so designated, to pay the money and receive the deed, Smith did not appear, and subsequently refused to convey the property. Both Smith and his wife were present at the sale, and one of the auctioneers testifies that the latter expressed her willingness that the property should be sold, provided it should bring not less than $800.

The bill alleges that Smith and his wife refuse to convey the property, and prays that they may be decreed to convey it to the complainant. The defendants have both answered, denying their obligation to convey the property to the complainant, while they admit that he purchased it at the auction. The answer protests that Mrs. Smith ought not to have been made a party to the suit, and that she ought not to be compelled to join in a conveyance of the property to the complainant, and prays the same advantage of the objection that would have been accorded on demurrer. The bill and answer both show a refusal on the part of the wife to join in the conveyance. The evidence also shows it. There is no proof, nor is there any allegation of fraud on the part of the husband in her refusal. On the other hand, it clearly appears from the testimony, that she is actuated by considerations having reference to her own interest alone. The court will not, under such circumstances, compel her husband to procure a conveyance or release by her, or require him to furnish an indemnity against her dower. *Young* v. *Paul*, 2 *Stockt.* 401 ; *Hawralty* v. *Warren*, 3 *C. E. Green* 124 ; *Riesz's Appeal*, 73 *Penn. St. Rep.* 485 ; *Story's Eq. Jur.*, §§ 731–735.

Inasmuch as it does not appear that the complainant is willing to pay the full balance of the purchase money and accept a deed from Smith alone, a decree for specific performance must be refused, and the complainant be left to his remedy at law.

The bill will, therefore, be dismissed, but as the case is one of some hardship to the complainant, and the conduct of the defendants has not been such as to entitle them to the favorable consideration of the court in this respect, it will be without costs.