FELIX SALDUTTI

*v.*

MAURICE FLYNN et al.

[Decided December 12th, 1906.]

1. An agreement by a husband to convey free of all encumbrance is not satisfied by a mere conveyance containing a covenant against encumbrance, but the vendee is entitled to a conveyance by the husband and his wife before paying the purchase-money, the existence of the wife's inchoate right of dower constituting a breach of covenant against encumbrances.

2. A vendor is in equity a trustee for the vendee from the time of execution of agreement to convey, and failure of the vendee to perform the contract strictly at the time fixed, if the vendor is ready to perform, does not in equity discharge the contract, unless time is of the essence of the contract or the delay has made specific performance inequitable. Hence a vendor agreeing to convey free of all encumbrance is not released from the contract by the refusal of the vendee to accept a deed in which the vendor's wife did not join.

3. Where a vendor agreed to convey free of all encumbrance, but merely tendered a deed in which the wife did not join, grantees in a deed executed and acknowledged by such vendor and his wife, who had notice of such agreement, of the tender of such deed and of the vendee's refusal to accept, so far as the vendor is concerned, hold the legal title as trustees for the vendee and subject to the agreement.

4. Such deed passed the lands to the grantees free of the vendor's wife's inchoate right of dower, and a conveyance by such grantees to such vendee would pass a title to him free from such dower right.

5. Where a vendor and wife sign an agreement to convey lands free of all encumbrance, but the agreement was not acknowledged by the wife, as required by the statute (*P. L. 1898 p. 685 § 39*), the wife was not bound, and the vendee cannot compel her, to convey her interest, and she is entitled to bargain for the sale of her inchoate right of dower as her own property.

6. Where a vendor and his wife conveyed the land to certain grantees who had knowledge of the agreement, and of the vendee's refusal to accept a deed in which the wife did not join, in a suit by the vendee against the vendor and his wife and the grantees for specific performance, the vendee must, as a condition precedent, pay the grantees the value of the wife's inchoate right of dower.

7. It appearing in such case that the grantees had not paid the wife the value of her inchoate right of dower, the amount should be paid to her, but on the condition that she release the grantees from any further claim to recovery under the agreement.

8. In such case, on the refusal of the wife to execute such release, the payment should be made to the grantees, leaving the wife to her remedy at law against them.

9. The vendee, on payment of such value, is entitled to a reduction thereof from the purchase price payable to the vendor, the grantees are entitled to receive the amount paid the vendor on account out of the purchase-money, and, on the execution of a deed by the grantees to the vendee, the vendor is entitled to receive the balance due him.

---

On bill for specific performance. Heard on bill, answer, replication and proofs.

*Mr. Alfred F. Skinner,* for the complainant.

*Mr. Chandler W. Riker,* for the defendant Flynn.

*Mr. John Francis Cahill,* for the defendant Mrs. Flynn.

*Mr. James M. Trimble,* for the defendants Napurano and wife.

EMERY, V. C.

The bill is filed by a vendee for specific performance of an agreement in writing to convey to complainant, for $4,500, by deed of warranty, free from all encumbrances, a tract of land in Newark. The property belonged to defendant Maurice Flynn, and the agreement, which was made between Flynn as sole party of the first part and Saldutti as of the second part, was signed and acknowledged by Flynn, and recorded. Before the recording it was also signed by Mrs. Flynn, but was not acknowledged by her. On signing the agreement $25 was paid to Flynn on account of the purchase, and the mortgage and other liens upon the property were about $2,975, leaving about $1,500 as the balance of the consideration to be paid on the delivery of the deed. When the time arrived for carrying out the contract, Mrs. Flynn,

acting in her own interest and under the advice of her own separate counsel, refused to sign the deed unless she received for herself $500. Mr. Flynn declined to agree to the payment to her of any portion of the $1,500, and offered to sign the deed without her joining on receiving the entire $1,500. The complainant declined to pay the whole $1,500 to Flynn and receive his deed alone. There were two or three meetings between all of the parties and their several counsel, for the purpose of carrying out the contract in a way satisfactory to the three parties interested, but these were unsuccessful. The last meeting was between Flynn and complainant (or his solicitor) only, and at this time Flynn's offer to deliver his deed and complainant's refusal to accept were repeated. The next day after this refusal, and, as complainant claims, pending arrangements for another meeting between Flynn and his wife and the complainant, Flynn and wife conveyed the property to the defendants Napurano and wife for a consideration stated in the deed as $5,100. At the time of the conveyance $200 was paid in cash (equally to Mr. and Mrs. Flynn), and contemporaneously a written agreement was made between the parties as to the payment of the balance. This paper recited an agreement to purchase the property for $5,100, the execution of the deed and the payment of $200, leaving $4,900 due; the previous contract of Maurice Flynn with Saldutti,

"which contract is alleged to have been broken by the purchaser, Felix Saldutti, though there may be some question as to the validity of the hereinbefore-mentioned deed, owing to said previous contract,"

and then agreed that in case Saldutti or his assigns should set aside the said deed made to the Napuranos, then Maurice Flynn should repay to the Napuranos the $200, together with one-half of the costs and expenses in defending the deed; and further, that if the deed should be declared valid, or not questioned for a reasonable period, then the Napuranos should pay the balance of the consideration to the Flynns—$500 in cash to Mrs. Flynn for her dower rights, and the balance of $4,400 by assuming the existing mortgage, with interest; $575 in cash, and $1,500 by a mortgage, payable in five years, with interest.

Complainant's bill was filed against Flynn and wife and Napurano and wife on January 4th, 1906, the day after the delivery of the deed. On the part of all the defendants it was claimed at the hearing that the contract with complainant was terminated by his refusal to accept Flynn's offer to receive the $1,500 and, on his receiving it, to execute and deliver a deed for the property, executed by him without Mrs. Flynn joining, but with covenants of warranty.

To this claim there are two answers: *First.* The agreement to convey free of all encumbrance is not satisfied by a mere conveyance containing a covenant against encumbrance, but the vendee is entitled under such contract to a conveyance by the husband *and his wife* before paying the purchase-money. *Young* v. *Paul, 10 N. J. Eq. (2 Stock.) 401, 405 (Chancellor Williamson)* ; affirmed on appeal (*Court of Errors and Appeals, 1855*). The wife's inchoate right of dower was an encumbrance, and its existence is a breach of a covenant against encumbrances. *Carter* v. *Denman, 24 N. J. Law (3 Zab.) 260, 272, 273 (Supreme Court, 1852*). In the *second* place, a vendor is in equity a trustee for the vendee from the time of the execution of the agreement. *King* v. *Ruckman, 21 N. J. Eq. (6 C. E. Gr.) 599, 604 (Court of Errors and Appeals, 1870)* ; *Houghwout* v. *Murphy, 22 N. J. Eq. (7 C. E. Gr.) 531,* and opinion of Justice Depue, *546, 547 (Court of Errors and Appeals, 1871*). The failure of the vendee to perform the contract on his part strictly at the time fixed, if the vendor is ready to perform, does not in equity discharge the contract, unless by the contract itself, or circumstances proved in the case, time is made or has become of the essence of the contract, or the delay has made specific performance inequitable. This is the radical difference between the equitable and legal rights on failure to perform strictly the terms of such contract. The equitable remedy remains, although neither party was ready on the contract day, and no action at law would lie in favor of either party. *King* v. *Ruckman, 21 N. J. Eq. (6 C. E. Gr.) 605; Zimmerman* v. *Brown, 36 Atl. Rep. 675, 677 (Vice-Chancellor Emery, 1897)* ; *Freeson* v. *Bissell, 63 N. Y. 168, 170 (1875*). Flynn therefore was not released

from the contract by the refusal of the vendee to accept the deed without the wife joining, and the conveyance of Flynn's rights to the land being made to the Napuranos with actual as well as constructive notice, these defendants, so far as Flynn himself is concerned, hold the legal title as trustees for complainant, and subject to complainant's agreement. *Houghwout* v. *Murphy, supra.*

The deed to the Napuranos, being executed and acknowledged by both husband and wife, also passed to them the lands free of Mrs. Flynn's inchoate right of dower, and if they now convey the lands to complainant the complainant will receive from them a title free from the inchoate dower. Complainant could not have compelled Mrs. Flynn to convey her interest, as the agreement, although signed, was not acknowledged under the statute. *P. L. 1898 p. 685 § 39, tit. "Conveyances;" Goldstein* v. *Curtis, 63 N. J. Eq. (18 Dick.) 454 (Vice-Chancellor Pitney, 1902)* ; *Ten Eyck* v. *Saville, 64 N. J. Eq. (19 Dick.) 611 (Vice-Chancellor Stevens, 1903).* And Mrs. Flynn, not being bound in any way by the agreement, was entitled to bargain for the sale of her inchoate right of dower as her own property. *Ten Eyck* v. *Saville, supra.* By the conveyance to the Napuranos this estate is in fact released and discharged altogether, and their conveyance to complainant would convey the property free from this encumbrance, which they have discharged by a purchase and conveyance from the wife. This encumbrance cannot be reinstated or retained by directing the Napuranos to convey only Flynn's former estate in the lands, or to convey the lands subject to this dower, for the wife's inchoate right of dower is an interest, created by operation of law, in lands of which the husband is seized, and it would seem to be beyond the power of a court to create in a third person an estate of this character, and having its incidents, irrespective of the husband's seizin. The experiment of creating such an anomalous interest in lands should certainly not be made, but the equities of the parties should be worked out under the conditions the parties have themselves created, so far as practicable. Defendant's counsel, in view of this status of the inchoate dower right, suggests that in order to

work out the equities in the case a reconveyance to Flynn be directed, the result of which would be to reinstate Mrs. Flynn's inchoate right of dower in the lands. But, on full consideration, I can see no reason why a court of equity, for the purpose of relieving either Mr. or Mrs. Flynn from an embarrassment which has resulted from their own conveyance, should now exercise its powers to restore them to the status which existed before the conveyance. The conveyance, as to Flynn's interest, was made against equity, and as to Mrs. Flynn's, was the method she chose for availing herself of a strictly legal right. Her omission to fully protect herself is not, under the circumstances, any basis for an appeal to equity to remedy the omission by restoring the status. This course should not be taken if the complainant's equity to a conveyance under the agreement can be at all worked out with the title in its present status in a manner that will give defendants all the equities they are entitled to under the conditions they have themselves created. This can be done by taking into account the fact that the Napuranos, by receiving this deed, have in fact discharged the encumbrance of the inchoate right of dower, an encumbrance which was prior to complainant's right. Having discharged it, they are entitled to be paid for this, just as they would be reimbursed if they had discharged taxes, or any other prior encumbrances. The amount to be paid cannot, however, be fixed by the terms of the agreement. The agreement does not contemplate any further payment to Mrs. Flynn for the dower right unless their deed is held good, and makes no express agreement for further payment if the deed be set aside. The agreement seems to be based on the theory that if the Saldutti contract was held valid against the purchasers, the deed of the latter would be set aside and no title at all would remain in the Napuranos. Therefore it did not provide in express terms for the real status which exists in equity, viz., that the deed is still valid for the purpose of conveying the legal title, but this title is held in trust for the equitable owners. The conveyance having failed to convey complete title to the lands, the purchasers are not bound under the agreement, as I construe it, at all events, and whether they get

Flynn's title or not, to pay Mrs. Flynn $500 for her dower right, but are only obliged to pay this $500 to her as part of the whole consideration of $5,100, and on getting the whole title. But inasmuch as payment to Mrs. Flynn for the conveyance of her interest was clearly contemplated, and the agreement did not provide for any contingency on which the purchasers should hold the estate without payment, she is entitled, I think, to recover compensation for her interest. The amount to be recovered will not, however, be the price fixed in the agreement, as the deed, so far as the purpose of the payments to her or to Flynn is concerned, has been set aside, and the right of recovery would be for the reasonable value of her interest. This might be recoverable at law on the common counts. *2 Ch. Pl.* *39. Complainant, therefore, as a condition for the conveyance by the Napuranos, free from this inchoate dower right conveyed or released to them, and for the value of which they are or may be liable, must pay this value, to be settled by the court. This amount must, however, be paid to Mrs. Flynn, as the Napuranos have not paid her for it, but on the condition that she release the Napuranos from any further claim to recovery under the agreement. If she declines to do this, the payment must be made to the Napuranos, leaving her to her remedy at law against them.

The next question is whether the complainant is entitled to compensation from Flynn for this payment. Complainant's counsel suggests indemnity by a retention of a portion of the fund in court, but as the inchoate right of dower is in fact gone, and the conveyance from the Napuranos would be free of any estate in dower, there is no estate or encumbrance to be indemnified against. By reason of this fact the case does not come within the application of the decisions relied on by counsel for Flynn as establishing the rule that on the refusal of the wife to join in the conveyance the husband cannot, on a bill for specific performance, be required to make compensation or give indemnity unless the wife's refusal has been at his instance or by collusion. This question arose in these cases only because the wife's interest was still outstanding at the time of the conveyance directed by the court, and the purchaser received

title subject to the wife's inchoate dower. Complainant has a right to compensation in this case, arising from the fact that, as Flynn has not the legal title, and does not make the conveyance, it will not be possible to decree that he make a conveyance of his title with warranty, as required by the contract, and thus give complainant a remedy at law. If Flynn still held the title, and the wife, without any collusion with him, had refused to join in the deed, the only conveyance the court could direct would be a conveyance with warranty, which would leave complainant to his remedy at law for breach of the covenant against encumbrances. Such conveyance would not give complainant the entire estate for which he contracted, but it would give all of the estate over which the court had control, and carry out the contract, so far as practicable. But as Flynn makes no conveyance, this remedy at law cannot be given or reserved, and the status on the entire case is that complainant, being obliged to make compensation to the Napuranos for the removal of an encumbrance which Flynn was bound to remove in order to carry out the contract, can have no reimbursement or recovery for this payment unless it be made in this suit, and by a deduction out of the purchase-money coming to Flynn. The court, under these circumstances, should do complete justice between the complainant and Flynn in this action, and to do this complainant must be allowed a deduction for the amount payable to the Napuranos or Mrs. Flynn. The Napuranos, having paid to Flynn $200 on account of the purchase-money, are also entitled to receive that sum out of the purchase. This right is independent of the agreement for repayment. And Flynn, having received no more than this amount, is entitled to receive the balance upon the deed being made to the complainant by the Napuranos. At the hearing some question was raised as to complainant's assignment of part of his interest in the contract, and releases of these interests or consent to the conveyance to complainant should be given if required. This matter may be raised at the settlement of the decree, and also the matters of interest and accounts for rents.