LUTHER BATEMAN et al.

*v.*

WILLIAM W. RILEY.

[Decided December 21st, 1906.]

1. A bill for specific performance may be maintained by the assignee of the vendee in a contract for the sale of land.

2. In a contract for the sale of land a description of land is sufficiently definite to enable the vendee to maintain a bill for specific performance if the land is described in such a manner that it may be with certainty ascertained. Parol evidence is admissible to show that defendant owned only certain land which would answer the description contained in the contract of sale.

3. In a contract for the sale of land made by a husband, in which his wife has not joined, specific performance will not be decreed against the husband either with abatement from the purchase price or with a requirement that the husband give indemnity to the vendee against the inchoate right of dower of his wife, in a case where the wife refuses to sign the deed, unless such refusal is shown to have been induced by the husband.

---

On bill, answer, replication and proofs.

*Mr. Walter H. Bacon,* for the complainants.

*Mr. Charles E. Sheppard* and *Messrs. Carrow & Kraft,* for the defendant.

LEAMING, V. C.

The bill is filed by complainants as vendees to procure a decree of specific performance of a contract made by defendant for the conveyance of land.

The written contract is as follows:

"Recd of Luther Batem one hundred $ on payment of a thousand $ for all the beach front and marsh land that I own at or near Fortescue Island and I agree to turn over all leases that I hold to him.
"Dated Jan. 13th, 1906.         WM. W. RILEY.
"deed given on the 15th int.         WM. W. RILEY."

It is urged on behalf of defendant that a decree of specific performance cannot be made in this cause because complainants Samuel Bradford and Lewis N. Bradford, Jr., are not parties to the written contract. This objection is without merit. At the hearing a written assignment was received in evidence whereby the vendee named in the contract assigned to his co-complainants each an undivided one-third interest therein. A bill for specific performance may be maintained by the assignee of the vendee in a contract for the sale of land. The only conflict of authorities upon the subject is as to whether it is necessary for the assignee of the original vendee to make the original vendee a party. But that question is not present in this case. *Pom. Spec. Perf.* § *487.* At the hearing evidence was received showing that the contract was made in the interest of the three complainants. That evidence need not be considered.

It is further urged on behalf of defendant that the description of the land, as contained in the contract, is too uncertain to entitle this court to decree specific performance. There is no difficulty in ascertaining the land to which this contract refers. An examination of the records in the county clerk's office discloses the exact boundaries of the land referred to in the contract. At the hearing these records were produced and received in evidence. The statute of frauds requires no more than that the land shall be described with reasonable certainty. It is enough if the property is described so that it may be with certainty ascertained, and parol evidence is admissible to show that defendant owned only certain land which would answer the description of the contract. *Robeson* v. *Hornbaker, 3 N. J. Eq. (2 Gr. Ch.) 60; Camden and Amboy Railroad Co.* v. *Stewart, 18 N. J. Eq. (3 C. E. Gr.) 489, 491; Lewis* v. *Reichey, 27 N. J.*

*Eq.* (*12 C. E. Gr.*) *240; Tillotson* v. *Gesner, 33 N. J. Eq.* (*6 Stew.*) *313, 319; Champion* v. *Genin, 51 N. J. Eq.* (*6 Dick.*) *38, 39; Price* v. *McKay, 53 N. J. Eq.* (*8 Dick.*) *588; Riley* v. *Hodgkins, 57 N. J. Eq.* (*12 Dick.*) *278; Brooks* v. *Wentz, 61 N. J. Eq.* (*16 Dick.*) *474.*

A third objection urged on behalf of defendant is fatal to complainants' right to the relief sought. It has been the uniform practice of this court to refuse to decree the specific performance by a husband of a contract for the sale of land, with either abatement from the price or with indemnity, where a wife has not joined in the contract of sale, and refuses, of her own volition, to join in a deed. *Young* v. *Paul, 10 N. J. Eq.* (*2 Stock.*) *401, 418; Hawrally* v. *Warren, 18 N. J. Eq.* (*3 C. E. Gr.*) *124, 128; Pinner* v. *Sharp, 23 N. J. Eq.* (*8 C. E. Gr.*) *274, 282; Reilly* v. *Smith, 25 N. J. Eq.* (*10 C. E. Gr.*) *158, 159; Peeler* v. *Levy, 26 N. J. Eq.* (*11 C. E. Gr.*) *330, 335; Blake* v. *Flatley, 44 N. J. Eq.* (*17 Stew.*) *228, 229; McCormick* v. *Stephany, 61 N. J. Eq.* (*16 Dick.*) *208, 224.*

An effort was made upon the part of complainant to show that defendant induced his wife to refuse to sign a deed in fulfillment of the contract in question. A finding to that effect could not be justified on the evidence adduced.

I am obliged to refuse a decree for specific performance against the husband, with either an abatement from the purchase price or indemnity against the inchoate dower of defendant's wife. Complainants may take a decree for conveyance from the husband, without abatement or indemnity, or the bill will be dismissed. In either event defendant will be entitled to costs, as defendant tendered a deed from himself to complainants for the land in question before the bill was filed.