CARL. SCHEFRIN

*v.*

PHILIP WILENSKY and WILLIAM LISS.

[Decided November 15th, 1920.]

Where a contract for sale of land was not signed by the wives of the owners of the land, on bill for specific performance the complainant is entitled to a decree with a bond of indemnity against the inchoate dower of the wives, or he may retain sufficient of the purchase-money to indemnify him against the dower right, the amount to be retained to be determined by the mortality tables, where the court is satisfied that the refusal to sign is not the voluntary independent acts of the wives.

On bill, answer and proofs.

*Messrs. Weinberger & Weinberger,* for the complainant.

*Mr. Adrian D. Sullivan* and *Mr. George G. Tennant,* for the defendants.

LEWIS, V. C.

The bill in this case was filed for specific performance of a contract for the sale of real estate. It bears date the 12th of August, 1919, and was not signed by the wives of the defendants. The purchase price was $10,000, and the property covered by the contract is 155 Autumn street, Passaic, New Jersey. At the time of the execution of the contract $200 was deposited and the purchasers were to assume a mortgage for $6,500, covering the premises, and were to pay $3,300 in cash on the passing of title on September 10th, 1919. The contract further provided that the complainant had the right to enter upon the land and premises on the 1st day of September, 1919, and to take the rents, issues and profits to himself from and after the 1st of September, 1919.

There was considerable testimony taken as to the entry on the property by the complainant under the terms of the contract and on other points, but it seems needless to review it entirely now, as the real question at issue was whether the defendants had any justifiable ground for refusing to carry out the contract.

After consideration of the evidence I have reached the conclusion that a decree for specific performance should be allowed.

The testimony satisfies me that the defendants were extensively engaged in real estate operations. They were partners in business and may be called real estate operators. The complainant says that a day or two after the contract was signed, Liss, one of the defendants, called upon him and said that he wanted to sell the property for a higher price. Liss says that the object of his call upon the complainant was to offer to return the deposit because his wife would not join in the conveyance. His statement is not convincing in view of the other evidence offered. My view of the matter is that he called on the complainant because upon reflection and consideration he wanted to procure more money for the real estate than was agreed upon in the contract. Wilensky says that when he signed the contract for the property he wanted to sell it, but that the wife of his partner, Liss, would not agree to the sale. This defendant testifies that in the last two years he has built twenty houses in Passaic City and yet that he was not familiar with prices. The testimony of Max Slaff, who has resided in Passaic City for many years and is an expert on real estate values, is that almost immediately after the sale was consummated, the property could have been sold at a large advance owing to the rising market. This witness is disinterested and has merely stated a fact of common knowledge. At the time of the making of the contract, and for a considerable period thereafter, there was an unusual activity in real estate, numerous sales and exchanges taking place continually and the selling price of property advanced over night owing to housing conditions. I think this is the reason the defendants failed to complete their contract with the complainant; they wanted more money than the price agreed upon. It is to be noted that neither Mrs. Liss nor Mrs. Wilensky, the wives of the

defendants, testified in this cause. Their absence is unexplained and their silence is somewhat illuminating. It seems clear that the husband brought about the wife's refusal to convey.

There is testimony to the effect that Wilensky asked Slaff, the real estate expert above referred to, to see if he could not get the complainant to make some sort of a settlement. Slaff asked him what sort of a settlement he wanted, and Wilensky replied: "I suppose that Mr. Liss wants a little more money, and it would not hurt.Mr. Schefrin to give him more money because the house is worth more."

It appears to be a clear attempt on the part of the defendants to avoid the contract by the flimsy excuse that Liss' wife did not want to sell and wanted the property for her own use. This statement is negatived by the acts of the husbands in executing the contract for sale. They knew perfectly well the views of their wives regarding this subject at the time. The contract is clear in its terms and reasonable in its provisions. There is no proof whatsoever offered that it was unfairly procured. It was entered into after open negotiations by the respective parties to it. The defendants took the complainant to their attorney and prepared the contract. The conduct of the defendants is unreasonable and unfair, and this court should lend its aid to the complainant to secure his rights. To do otherwise would be to permit the defendants to practice a fraud upon the complainant.

It is settled that the complainant would be entitled to a decree for conveyance without abatement or indemnity where the wife refused to sign a deed without inducement by the husband. *Bateman* v. *Riley, 72 N. J. Eq. 316.*

In *Farrell* v. *Bork, 76 N. J. Eq. 615; 79 Atl. Rep. 867,* the court of errors and appeals, affirming a decree of this court, advised specific performance by a husband with indemnity where the wife refused to join in a conveyance just to spite the complainant.

A case much in point is that of *Stein* v. *Francis, 91 N. J. Eq. 205.* In this case the complainant instituted proceedings to enforce specific performance of a contract. The vendee was the complainant and the wife of the vendor did not sign the con-

tract. No decree was asked against the wife, but a decree compelling the husband to convey the fee, subject to the wife's inchoate right of dower with either abatement of the purchase price or indemnity against future assertion of a claim of dower of the wife.

I shall follow the practice adopted by Vice-Chancellor Leaming in that case. I, therefore, advise a decree directing the defendants to perform their contract in accordance with its terms and direct a conveyance by them to the complainant. If the wives refuse to join in the conveyance it will be subject to their inchoate right of dower, and in that event the defendants shall deliver to the complainant a bond of indemnity as security, approved by a special master to be named. If the defendants fail to provide an indemnity, the complainant may retain in his hands out of the purchase price the amount to be ascertained at the time the decree is signed in accordance with our mortality tables, upon the basis of the right of dower being consummate at that time.

This decree is not oppression. The policy of the law is to permit a woman to be her own free agent in the disposition of her dower interest in property (*Young* v. *Paul, 10 N. J. Eq. 401, 418; McCormick* v. *Stephany, 61 N. J. Eq. 208, 224; Ferrell* v. *Bork, supra*), but when the court is satisfied, as in this case, that the refusal of the wife is not her own act, but is brought about by the connivance of her husband, then a decree with indemnity should be allowed.