## MARTIN BERGEN STONE

*v.*

## HARRY C. STANLEY et al.

[Submitted November 22d, 1920.   Determined November 23d, 1920 ]

1. It has long been recognized that a court of equity will enforce specific performance of a contract to sell land, and may in its decree require the purchase-money to be applied to pay outstanding liens, or require indemnity from the vendor, neither indemnity nor abatement should be decreed on account of an outstanding inchoate right of dower of the wife of the vendor, who has not joined in the contract to sell, unless it should be shown that the vendor induced his wife to refuse to release her dower.

*92 N. J. Eq.* Stone *v.* Stanley.

2. Where the vendor's wife, who was present when the contract of sale was signed, had already told the vendee and her husband that she would not sign the deed, but would sign if her husband would purchase another home for her before they went away for the summer, and the husband failed to make such purchase, the vendee cannot obtain specific performance with abatement or indemnity, the condition named by the wife not having been performed, but the purchaser must seek relief by way of damages at law.

On final hearing on bill for specific performance.

*Mr. Harry C. Kramer,* for the complainant.

*Mr. Albert S. Woodruff,* for the defendants.

LEAMING, V. C.

In this suit complainant, as vendee, seeks a decree for specific performance by his vendor of a written contract for the sale of land. The contract was not signed by vendor's wife and the latter now refuses to join her husband in a conveyance. Complainant accordingly seeks a decree with either indemnity against the dower or abatement from the purchase price. The wife's refusal to join in a conveyance is in no way due to connivance of the vendor.

The rule has long been recognized in this state that while this court may enforce specific performance of contracts to sell land and may in its decree require that the purchase-money be applied to pay outstanding liens which are by the contract to be satisfied to clear the title, or, if necessary, require compensation to be made for any part of the land to which the vendor may be unable to make title, or to require indemnity from the vendor against outstanding liens or rights which cannot be satisfied, neither indemnity nor abatement from the purchase price should be decreed on account of an outstanding inchoate right of dower of the wife of the vendor who has not joined in the contract to sell and who refuses to join vendor in the conveyance, unless it should be shown that the vendor has induced his wife to refuse to release her dower right. The possibility that a decree against the husband for abatement or indemnity might occasion such a coercive influence on the wife as to induce her to release her

dower against her will has been thought a sufficient reason for denying relief of that nature, unless her refusal to release has been the result of her husband's procurement.

In *Stein* v. *Francis* (*New Jersey Chancery*), *109 Atl. Rep.* 737, the decree ordered indemnity by the vendor and directed that upon his failure to indemnify there should be an abatement from the purchase price, notwithstanding the refusal of the wife to sign the deed was in no way attributable to the conduct or influence of the vendor. In that case the wife had by her conduct not only unequivocally consented to the sale, but had measurably induced her husband to contract to sell, and her subsequent refusal to join in the conveyance was obviously due to an advance in the market value of the land. There also existed in that case the additional circumstance that the vendee, in reliance upon the contract, had placed himself in a position from which he could not be extricated without irreparable loss— the loss including the destruction of his business.

These two controlling circumstances are absent from the present case. The wife of vendor was present when the contract of sale was signed. Before that time she had told the vendee and also her husband that she would not sign a deed. On the occasion when the contract was signed she stated that she would sign the deed providing her husband would purchase another home for them to occupy before the time when they annually went away for the summer. Delay was thereafter occasioned by reason of objections made to the title by the title company, and when those objections were removed the wife refused to sign because of the delay, claiming it was then too late in the season to accomplish her declared purpose. While that delay in no way relieved the vendor from his equitable obligation to convey an unencumbered title, it was clearly operative to relieve the wife from any obligation incurred by her through her conditional promise to join in the deed, since the vendee could not properly rely upon her promise except as qualified by her. Complainant claims that no such condition accompanied the wife's assent to the sale; but three witnesses have testified to the contrary and a finding of fact against the existence of such a condition would be clearly unjustified.

In the present case there is also the absence of anything in the nature of irreparable injury to complainant. Complainant's purchase was wholly for purposes of speculation. His loss, if any, is the loss of his bargain, which loss a law court could easily measure and recompence.

In these circumstances I am unable to conclude that this court should make a decree for specific performance with either indemnity or abatement.

It is difficult to understand why any vendee, especially an attorney-at-law, will neglect to procure the signature of his vendor's wife to a contract of sale of land, when he knows that his vendor is married, if specific performance is within his anticipated remedies. Indeed, in the English cases, and in many cases in this country, it is declared that in such circumstances the equitable remedy with indemnity or abatement is in no case available, although that view has not been yet adopted in this state. See *Pom. Spec. Perf.* § 461.

Since complainant refuses to accept a conveyance subject to the inchoate right of dower, I will advise a decree dismissing the bill, but without prejudice to any action at law which complainant may be advised to pursue.