FRANCISZEK LUCZAK and wife

*v.*

JOHN MARIOVE and wife.

[Submitted January 8th, 1921.   Decided January 18th, 1921.]

1. Where a bill for specific performance was filed fourteen days after the defendant agreed to deliver the deed, but failed to do so, the complainant is not guilty of laches.

2. The contract of sale in this case sufficiently sets out the terms of the mortgage to be given.

3. Where necessary, in the absence of definite terms in the contract, the court will presume it to have been the intention of the parties that a mortgage to be made shall be made payable on demand, and also that the interest rate shall be the legal rate.

4. The omission of a. due date for a mortgage and the rate of interest thereon will not defeat specific performance of a contract.

5. Acknowledgment and execution of a deed by a wife who had not acknowledged the contract of sale on which it was founded, may be taken as evidence that the wife was willing to release her right of dower.

6. A decree may be entered directing the husband to deliver to complainants a deed executed by himself and his wife, where it appears that his wife is willing to release her right of dower; or in the alternative to deliver to complainants a deed subject to his wife's inchoate right of dower and payment into court of an amount sufficient to indemnify complainants against any claim of dower, or the complainants may retain out of the purchase price the value of the dower right.

On bill, &c.

*Mr. John Q. Frey* and *Mr. Frank E. Bradner,* for the complainants.

*Mr. Otto A. Stiefel,* for the defendants.

FOSTER, V. C.

This bill seeks a decree for the specific performance of a contract dated November 25th, 1919, for the sale of real estate in the city of Newark, made by the defendants with the complainants.

By the terms of the contract title was to be passed on February 1st, 1920, and $500 was paid on account of the purchase price of $20,000. Of the balance of the purchase-money, $17,-500 was to be paid in cash and $2,000

"by a mortgage on the premises * * * at the interest of six per cent. per annum, interest payable semi-annually, principal of said mortgage to be payable at any time within two years of its date; said mortgage is to be subject to a first mortgage in the amount of twelve thousand dollars."

Defendants admit the execution of the contract, which was not regularly acknowledged by Mrs. Mariove, although she did acknowledge its execution before the broker who made the sale and who drew the contracts. From the proofs it appears defendant knew that complainants expected to obtain that part of the purchase price over the mortgage of $12,000 in part by the sale of property owned by them, and that they intended to obtain the mortgage loan of $12,000 from some bank or savings institution.

About January 31st, 1920, complainants informed defendants that owing to delay in making the search they were unable to obtain a loan of $10,000, granted them by the Security Savings Bank, in time to take title on February 1st, and thereupon the defendant John Mariove gave them an extension of thirty days from February 1st, 1920, for the closing of the contract.

On March 11th complainants, having disposed of their property, and having also obtained the first mortgage loan, notified defendants they would be ready to close the contract at the office

of Judge Grice, the attorney of Security Savings Bank, on March 15th, 1920, at two o'clock, and requested defendants to be present and deliver the deed, and neither of the defendants appeared.

On March 30th the defendant John Mariove informed Mrs. Luczak that he was ready to deliver the deed at any time and place selected by her attorney, and about this time a deed, in accordance with the terms of the contract, was duly executed and acknowledged by both defendants.

On March 31st complainants again notified the defendant John Mariove that they would be ready to close the matter at the office of Judge Grice on the following Thursday, and on April 1st Mariove notified complainants' solicitor that he would be ready to deliver the deed and close the matter that afternoon at three P. M. at the office of Judge Grice, if complainants would pay the agent's commission of $500 in addition to the purchase price. Complainants appeared at the hour named and waited in the office of Judge Grice from three o'clock until four-fifteen P. M., but neither of the defendants appeared. About April 7th or 8th, the defendants told a brother-in-law of complainants that, although the contract had expired, they were willing to convey the property to complainants if they would pay $400 of the agent's commission, and, later, Mariove suggested that defendants would be willing to convey to this relative of complainants in order to defeat the claim of the broker for his commission on the sale; and Mariove, himself, admits that defendants were willing to convey the property to complainants after April 1st if they would pay this commission.

It further appears that the defendant Mrs. Mariove took an active and important part in negotiating the sale and in the settlement of the terms of the contract, and that it was upon her insistment that the term of the second mortgage was reduced from four years to two years. Not one of the material facts is seriously disputed. And, apparently, the defendants' refusal to perform the contract was due to the rapid and pronounced increase in real estate values that occurred in the spring of 1920, and also to their desire to escape the payment of the broker's commission.

The whole defence consists of technical objections to complainants' right to relief, the first of which is gross laches, and the answer to this is, that the bill was filed April 14th, 1920, or fourteen days after Mariove had agreed to deliver the deed at the office of Judge Grice, but failed to do so.

The next objection is, that the provisions of the contract respecting the mortgages, which are quoted above, are inadequate and incomplete.

It is apparent from the contract, and the quotations made from it, that the terms of the second mortgage are clearly set forth, and that the provision that this mortgage is payable at any time within two years of its date, is neither uncertain nor incomplete, but definitely leaves it optional with complainants to allow the mortgage to stand for two years, or to pay it at any earlier date; and with respect to the first mortgage, while the contract does not state the term for which it should run, nor what rate of interest it should bear, the proofs show that these matters were purposely and necessarily left indefinite, as none of the parties knew, when the contract was made, for what time or at what rate of interest the first mortgage loan could be obtained, and by acquiescence they made the terms of this loan on which it could be obtained part of their contract, and in the absence of definite terms in the contract, a court of equity will, if necessary, presume it to have been the intention of the parties that the mortgage should be made payable on demand (*Green* v. *Richards, 23 N. J. Eq. 32*), and will also presume, in the absence of a specified rate of interest, that the mortgage carries the legal rate of interest after demand. And, if the omission of these terms from the contract be attributed to the negligence of the parties, such negligence on the part of the defendants will not be permitted to defeat specific performance. *Krah* v. *Wassmer, 75 N. J. Eq. 109; affirmed, 78 N. J. Eq. 305.*

And, lastly, it is insisted that the contract is unenforceable against Mrs. Mariove because she did not formally acknowledge its execution; and, further, that it does not appear that her refusal to now join in the conveyance has been the result of her husband's procurement.

It appears, as already stated, that a deed to convey the premises to complainants under the contract was executed and properly acknowledged by Mariove, and by his wife also, and Mariove states that this deed was destroyed by him, but it does not clearly appear when it was destroyed nor that his wife consented to or knew of its destruction, and her execution and acknowledgment of the deed may be taken as evidence that she was willing to release her right of dower. *Hulmes* v. *Thorpe, 5 N. J. Eq. 415; Krah* v. *Wassmer, supra* (at *p. 116*). In *Hulmes* v. *Thorpe, supra,* where a somewhat similar situation was present, Chancellor Halsted said: "It may be that the wife's acknowledgment of the deed in this case should be considered as equivalent to her express consent to execute it, and that on this ground the court would be justified in making a decree that Thorpe deliver a deed executed by him and his wife, but it would be safer for the court to decree the delivery of the deed already executed by her." This latter course cannot be adopted here because of the alleged destruction of the deed by Mariove.

It is true, as defendants contend, that it does not appear that Mariove has induced his wife to refuse to join in the conveyance of the property; in fact, it does not appear that she has ever refused to do so, and her execution and acknowledgment of the deed is evidence of her willingness to do so. And, therefore, adopting the remedy suggested by the chancellor in *Hulmes* v. *Thorpe, supra,* a decree will be advised directing Mariove to deliver to complainants a deed executed by himself and wife, and if he is unable to do so, then the circumstances of the case, and the active participation of Mrs. Mariove in the transaction, require that the practice of abatement in the purchase price or of indemnity adopted by Chancellor Runyon in *Cook* v. *Watson, 30 N. J. Eq. 345,* and followed in *Farrell* v. *Book; affirmed, 76 N. J. Eq. 615; Stein* v. *Francis, 91 N. J. Eq. 205,* and *Schefrin* v. *Wilensky, 92 N. J. Eq. 109,* should be followed here; and, as alternative relief, the defendant Mariove should be directed to deliver to complainants a deed for the premises, subject to the inchoate right of dower of his wife, in the event of a refusal by his wife to join in the conveyance; and, in the latter event, a decree will be advised directing the payment into court of an

amount to be determined on the settling of the terms of the decree, to indemnify complainants against any claim of dower by Mrs. Mariove; or that, instead of paying the amount into court, complainants may retain out of the purchase price the amount of the ascertained value of the consummated dower right of Mariove's wife.

The terms of the decree may be settled on three days' notice.