MARY ALLAN ELWOOD, complainant,

v.

VIVIAN B. SMITH, defendant.

[Decided December 10th, 1923.]

1. Where a contract for sale of lands was not signed by the wife of the vendor, who later refused to consummate the sale, not in any way because of the connivance of her husband, there being no irreparable damage, specific performance of the contract will be decreed without indemnity or abatement, or if the complainant so elects, the bill will be dismissed without prejudice to any action at law which the complainant may bring.

2. *Stone* v. *Stanley*, *92 N. J. Eq. 310*, approved and followed.

On bill, &c. On bill for specific performance.

*Mr. Henry W. Lewis,* for the complainant.

*Mr. Richard H. Robertson,* for the defendant.

INGERSOLL, V. C.

This is a suit for the specific performance of a contract entered into on the 11th day of December, 1922, between the complainant by her husband, her duly authorized agent, and the defendant, wherein the defendant agreed to convey certain lands and premises to the complainant for the consideration of $7,000, payable as specified in the contract.

The testimony of the agent is that the contract was entered into, the agreement was drawn, executed by each and a check of $1,000 given by him to and accepted by the defendant.

The defendant insists that the papers were signed upon the condition that they would not become effective until and unless he obtained his wife's signature thereto; that his wife declined to sign the agreements, and that he so notified the complainant and returned the check.

Elwood denies this testimony and says the only knowledge he had concerning the possible objection of the wife to the contract was that Smith told him at the time of the execution of the contract, "That this will raise a rumpus at home."

There is no doubt that Elwood knew that Smith was married. Nor can there be any doubt, from the manner of the giving of his testimony, and the fact that he dictated the agreements, that he is acquainted with business transactions of this nature.

The wife refused to join in the agreement, claiming that the property had been purchased by her husband for the exclusive purpose of building a home thereon.

While it is true that no determined effort was made by Smith to induce his wife to sign, I am not convinced that her refusal to execute the agreement (or a deed) was in any way due to connivance of her husband.

In this case there is also the absence of anything in the nature of irreparable damage. No suggestion is made that the purchase was made for other than speculative purposes. In fact the complainant produced evidence to the effect that the property was at the present worth about $12,500, an increase over the purchase price of seventy-eight and four-sevenths per cent. in less than a year, and his loss, if any, is the loss of his bargain, which loss a law court could easily measure and recompense.

Following the reasoning of Vice-Chancellor Leaming in *Slone* v. *Stanley, 92 N. J. Eq. 310,* I will advise a decree against the defendant for specific performance, without either indemnity or abatement. If, however, the complainant does not signify her willingness to accept a conveyance subject to the inchoate right of dower, I will advise a decree dismissing the bill, but without prejudice to any action at law which complainant may be advised to pursue.