HARRY COULTER et ux., complainants,

*v.*

WILLIAM STERN et ux., defendants.

[Determined August 25th, 1926.]

**Sale of Land—Specific Performance—Contract for Sale Not Signed by Wife—Husband Admits Willingness to Execute Deed—Question Whether There Should be Abatement of Purchase Price or Indemnity Against Inchoate Dower—Held, Court Will Refuse to Decree Specific Performance Where Wife Has Not Joined in Contract—Exception, Where Wife's Refusal was Brought About by Connivance of Husband, Not Available Here.**

On bill for specific performance. On final hearing.

*Messrs. Cole & Cole,* for the complainants.

*Messrs. Cassman & Gottlieb,* for the defendants.

INGERSOLL, V. C.

Bill is filed against husband and wife· for the specific performance of a contract for the sale of certain real estate,. which contract was signed by the husband only.

The bill was dismissed so far as the wife is concerned.. The husband admits his willingness to execute a deed.

The question for consideration is: Whether complainants. are entitled to a decree with either an abatement or indemnity for the purchase price, or indemnity against the inchoate dower of the wife.

The language of Vice-Chancellor Leaming in *Bateman* v. *Riley, 72 N. J. Eq. 316* (at *p. 318*), is here applicable.

"It has been the uniform practice of this court to refuse to decree the specific performance by a husband of a contract. for the sale of land, with either abatement from the price

or with indemnity, where a wife has not joined in the contract of sale, and refuses, of her own volition, to join in a deed. *Young* v. *Paul, 10 N. J. Eq. (2 Stock.) 401, 418; Hawralty* v. *Warren, 18 N. J. Eq. (3 C. E. Gr.) 124, 128; Pinner* v. *Sharp, 23 N. J. Eq. (8 C. E. Gr.) 274, 282; Reilly* v. *Smith, 25 N. J. Eq. (10 C. E. Gr.) 158, 159; Peeler* v. *Levy, 26 N. J. Eq. (11 C. E. Gr.) 330, 335; Blake* v. *Flatley, 44 N. J. Eq. (17 Stew.) 228, 229; McCormick* v. *Stephany, 61 N. J. Eq. (16 Dick.) 208, 224."*

The complainants insist that in this case, *Schiefrin* v. *Wilensky, 92 N. J. Eq. 109,* should be followed. Not so. In that case the court was satisfied that the refusal of the wife was not her own act, but was brought about by the connivance of her husband. In the present case the court does not find the facts to be as found in the cited case.

Complainant may take a decree for conveyance from the husband without abatement or indemnity, or the bill will be dismissed.