JOHN LEONCAVALLO, complainant-appellant,

*v.*

ERNESTA RIGAT and FANNIE RIGAT, defendants-respondents.

[Submitted February term, 1929. Decided May 20th, 1929.]

*Mr. John W. Ockford,* for the appellant.

*Mr. Francis Child,* for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

This is an action for specific performance of an option contained in a lease for the sale and purchase of real estate, the complainant-appellant holding by assignment and attempting to assert his right of performance as assignee of the original lessee.

A decree was advised dismissing the bill of complaint and the complainant below appeals.

It was urged below that the option could not be enforced in equity because the lessor, being unable to read or write, did not understand such provision in the lease and that its insertion therein was tantamount to a fraud.

The learned vice-chancellor who heard the matter appears to have been persuaded in this direction by the proofs, but he seems not to have advised the decree in question upon this ground and it is therefore not necessary for us to pass upon it.

The vice-chancellor seems also to have been of the opinion that the provision in the lease relied upon was not sufficient as an option.

The provision is as follows:

"It is also agreed and understood that the party of the second part shall have the first privilege to purchase the two lots demised, upon the expiration of the within lease at the price of $5,000."

The decree appears not to have been advised upon this ground and although, because of this, we are not called upon to pass upon this point, we do, nevertheless, call attention to *Tantum* v. *Keller, 95 N. J. Eq. 466,* and the cases therein cited, disposing of the contention adversely to the respondents.

The ground' upon which the decree is based is that specific performance cannot be decreed where the instrument sought to be enforced is not executed or acknowledged by the wife of the vendor and her refusal to join in a deed of conveyance is a voluntary and *bona fide* act upon her part and not by inducement on the part of the husband.

Such is the rule. *Young* v. *Paul, 10 N. J. Eq. 401; Bateman* v. *Riley, 72 N. J. Eq. 316,* and cases therein cited.

Such was the fact and the situation made by the proofs in this cause and consequently it was proper to dismiss the bill of complaint.

The decree below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.