CHARLES CLARK et ux, complainants-respondents,

*v.*

LE ROY BADGLEY et ux., defendants-appellants.

[Submitted May term, 1929—Decided February 3d, 1930.]

*Messrs. Harley, Cox & Walburg,* for the defendants-appellants.

*Mr. Joseph Zemel,* for the complainants-respondents.

The opinion of the court was delivered by

BLACK, J.

The bill of complaint was filed in this case, in the court of chancery, to recover the sum of five hundred ($500) dollars, the down-money paid under a real estate contract, dated July 12th, 1928, covering premises known as No. 267 Amherst street, in the city of East Orange, and in addition thereto, the sum of one hundred forty-seven dollars and forty-one cents ($147.41); expenses incurred in examining the title. The bill also prays, that said sums, when found to be due, be impressed as a lien upon the lands and premises.

In the case of *Bailey* v. *B. Holding Co., 104 N. J. Eq. 241,* this court held, a suit to recover the deposit and search fees made by the buyer against the seller, under a written contract to sell land, is not cognizable by the court of chancery. The court of chancery is without jurisdiction to hear and determine the controversy. The question litigated is a pure legal question, viz., the breach of a contract cognizable by the common law courts. That case controls this controversy.

The learned vice-chancellor, who heard the case and advised the decree appealed from, points out that the prayer in the bill of complaint for a lien on the land marks a legal distinction between that case, and the case under discussion. But this is not so. It is a distinction without a legal or substantal difference. The fact that the court of chancery is asked to declare a lien on the land does not differentiate the case in a legal aspect, from the cited case. The judgments of the common law courts are liens upon lands. The court of chancery could be given jurisdiction in any contract case by simply praying for a lien. This is manifestly unsound.

The decree of the court of chancery is reversed, on the ground that the court had no jurisdiction to hear and determine the controversy.

536

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.