JACOB COHEN, appellant,

*v.*

BENJAMIN ROSENBLUM, respondent.

[Submitted February 14th, 1930.   Decided May 19th, 1930.]

*Mr. D. Trueman Stackhouse,* for the appellant.

*Mr. James Mercer Davis,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a vendee's suit for specific performance.   The vice-chancellor dismissed the bill upon the ground, as we read his conclusions, that a question of fact was raised as to whether the contract was ever delivered so as to be effective.   Without passing on this phase of the case, we conclude to affirm the decree upon a different ground.

The contract to sell was signed by the defendant but not by his wife, and she at all times refused to sign either contract or deed.   There is no suggestion in the case that her refusal was other than an honest one, or that it was the result

of the influence or connivance of her husband. But the bill prays for specific performance with an abatement of the purchase price equal to the value of her inchoate right of dower. The answer of the husband averred a willingness to convey his interest subject to the inchoate right of dower and that complainant had refused to accept such conveyance and pay the contract price: and the hearing was held on this basis. We do not find anywhere in the case or brief any offer to accept the husband's deed without abatement.

The law applicable to cases of this class was well stated by Vice-Chancellor Leaming in *Stone* v. *Stanley, 92 N. J. Eq. 310,* as follows: "The law has long been established in this state that * * * neither indemnity nor abatement from the purchase price should be decreed on account of an outstanding inchoate right of dower of the wife of the vendor who has not joined in the contract to sell and who refuses to join vendor in the conveyance, unless it should be shown that the vendor has induced his wife to refuse to release her dower right. * * *" And he added, in disposing of that case: "Since complainant refuses to accept a conveyance subject to the inchoate right of dower, I will advise a decree dismissing the bill, but without prejudice to any action at law which complainant may be advised to pursue."

This rule is supported by a long line of authorities in our reports, among which it is sufficient to cite *Young* v. *Paul, 10 N. J. Eq. 401; Hawralty* v. *Warren, 18 N. J. Eq. 124; Peeler.* v. *Levy, 26 N. J. Eq. 330; McCormick* v. *Stephany, 61 N. J. Eq. 208,* and leads to an affirmance of the decree dismissing the bill.

The vice-chancellor awarded a counsel fee after the final decree had been signed, and this is challenged both as to propriety of practice and amount. It was entirely proper in view of the untenable position taken by the complainant below; the taxing of such a fee after decree is an everyday practice of the court of chancery; and the amount awarded was entirely reasonable under the circumstances of the case.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.