This matter comes before the court on a motion to strike out the bill of complaint.
The bill of complaint was filed by Elbert C. Smith of Brooklyn, New York, asking for the specific performance of a contract for the sale of real estate made between him and *Page 454 
one Frank D. Brands of the township of Blairstown, Warren county, New Jersey. The contract was dated October 13th, 1928. Brands was married and lived with his wife at the time. His wife, however, did not sign or acknowledge the contract. Brands agreed to convey to Smith, for a consideration mentioned in the contract, certain lands in the township of Blairstown, Warren county, New Jersey, in fee-simple. There is no time specified in the contract for the delivery of the deed. The bill of complaint discloses the following situation: That Frank D. Brands died intestate on December 15th, 1932, without having signed or delivered a deed for the premises agreed to be conveyed; that he left him surviving a widow, Margaret M. Brands, and three children, two of whom were minors; that the widow was appointed administratrix by the surrogate of Warren county and qualified as such; that she applied to the orphans court of Warren county for an order authorizing her as such administratrix to make a deed in accordance with the agreement of sale; that on August 14th, 1934, the Warren county orphans court made such a decree and a deed was tendered by the administratrix for the premises as alleged to have been described in the contract. This deed was refused by Smith on the ground that it did not meet with the conditions of the contract. That the widow refuses to join in a deed to the complainant and release her dower in the premises, and that Brands had no title to part of the premises in question. Complainant says, therefore, that the contract cannot be fulfilled by the administratrix unless she be decreed by this court to join in the deed and release her dower. The bill of complaint prays that Margaret M. Brands, individually and as administratrix of Frank D. Brands, deceased, be decreed by this court to make, execute and deliver to complainant a proper deed to carry out the terms of the aforesaid agreement between the complainant and the said Frank D. Brands or, in the alternative, return to the complainant the purchase price together with interest from the date of payment, costs of search and other disbursements necessarily or properly incurred by the complainant in connection with his endeavors to carry out the terms of said agreement. *Page 455 
I am of the opinion that specific performance, as prayed for in the bill of complaint, should not be decreed in this case for the reason that the said Margaret M. Brands, the widow of Frank D. Brands, deceased, did not sign or acknowledge the contract made by her husband for the sale of said lands and refuses to sign a deed and convey her dower interest therein. There is no allegation in the bill of complaint that the husband, during his lifetime, influenced or induced his wife to refuse to sign the deed. Bateman v. Riley, 72 N.J. Eq. 316. On the other hand the bill of complaint itself clearly shows that such a contract will not be enforced by this court as prayed for. There are no fact questions to be determined by this court as to the specific performance of the contract. Had complainant been willing to accept a conveyance of the interest of the husband without abatement as to the purchase price and without indemnity as to the widow's dower therein the bill might have been held for final hearing. Since counsel for complainant refuses to accept such a deed under these conditions, I will advise an order striking out that part of the bill of complaint which seeks specific performance of the contract. This will leave the bill of complaint praying only for the return of the purchase price together with interest, costs of search and other disbursements incurred in the matter by the complainant. The question then to be litigated is a pure legal question, that is, the breach of a contract which is cognizable only before common law courts.Clark v. Badgley, 105 N.J. Eq. 534; Bailey v. B. HoldingCo., 104 N.J. Eq. 241.
Therefore, I will advise an order transferring this cause to the court of common pleas of the county of Warren and defendant will be entitled to costs on this motion. *Page 456