Mrs. Barber is the kind of a wife who stands by her husband in all the troubles he would not have had if he had not married her. Her husband, the defendant, contractually obligated himself to convey to the complainant a parcel of land in the City of Trenton. He desires to fulfill his undertaking. She is inexorable in her refusal to unite with him in the conveyance. The complainant seeks a decree constraining Mr. Barber to specifically perform. Mrs. Barber is not a party to the cause. She did not execute the instrument embracing the option to convey. Cf. Pinner v. Sharp, 23 *Page 335 N.J. Eq. 274; Smith v. Brands, 118 N.J. Eq. 453:180 Atl. Rep. 839. She appeared, however, at the final hearing to express her immutable resolution to retain her inchoate dower and the personal reasons for her persistent adherence to that determination.
Although the option clause of the lease does not specify the estate to be conveyed, it is reasonably construed to obligate the defendant to convey the premises in fee-simple and without encumbrance. McCormick v. Stephany, 61 N.J. Eq. 208;48 Atl. Rep. 25. Obviously, a deed executed by the defendant alone is not in compliance with the undertaking. Saldutti v. Flynn,72 N.J. Eq. 157; 65 Atl. Rep. 246.
Except in cases of noticeable collusion, deception, or imposture, a decree of specific performance against a husband so circumstanced has been uniformly denied. It has been the policy of the law to permit a wife to exercise her own volition in the disposition of her dower interest in the lands of her husband, for, said Chancellor Williamson (1855), "If the court decrees a specific performance according to the terms of the contract, the husband must procure his wife to sign the deed in some way, perfas aut nefas, or else take the consequences of disobedience to the order of the court. This then is, in effect, a decree by which the wife is forced into executing a deed. When she is brought before the proper officer, he certifies to her acknowledgment of its being her free and voluntary act, when it is notorious that it is the decree of this court, held up to herin terrorem, which must be either obeyed by her husband through her submission, or he be subjected to punishment for disobedience. Such a decree is against the policy of the law protecting the rights of a wife in the lands of her husband. It is plain to be seen that this mode of alienation might be adopted by an improvident and oppressive man to strip a prudent wife of all the reliance for her future support. Her refusal to sign a deed would be easily overcome by her husband entering into a contract that she shall join him in a conveyance; and then a decree of this court is looked to as the instrument of her oppression. She may have firmness enough to resist his unreasonable demand and entreaties, but yield to the persuasion of a decree of this *Page 336 
court, which threatens her continued refusal with the incarceration of her husband." Young v. Paul, 10 N.J. Eq. 401,408. Vide, Hulmes v. Thorpe, 5 N.J. Eq. 415.
The rule in this state is indubitable that in a suit for specific performance, a husband will not be decreed to procure his wife to join in the execution of a deed for the purpose of releasing her inchoate right of dower, if she is unwilling to do so. Peeler v. Levy, 26 N.J. Eq. 330.
It is proposed that in all such exigencies the vendor should be required to convey his estate and either furnish indemnity to the vendee or suffer an abatement of the purchase price on account of the outstanding inchoate right of dower of the wife. Pomeroy declares that such a course is consonant with "the eternal principles of right and justice," and that the reasons pursued in the denial of indemnity or abatement are "utterly untenable."Pom. Spec. Perf. (3d ed.) 940 § 460. Moreover, Vice-Chancellor Henry C. Pitney regarded the reasoning of Professor Pomeroy on this subject to be unanswerable. Borden v.Curtis, 48 N.J. Eq. 120, 129; 21 Atl. Rep. 472. Interesting annotations are available in 46 A.L.R. 748 and148 A.L.R. 292.
Notwithstanding a diversity of opinion in other jurisdictions, Vice-Chancellor Leaming in Stone v. Stanley, 92 N.J. Eq. 310;112 Atl. Rep. 496, accurately and justifiably stated (on p.311): "The rule has long been recognized in this state that while this court may enforce specific performance of contracts to sell land and may in its decree require that the purchase-money be applied to pay outstanding liens which are by the contract to be satisfied to clear the title, or, if necessary, require compensation to be made for any part of the land to which the vendor may be unable to make title, or to require indemnity from the vendor against outstanding liens or rights which cannot be satisfied, neither indemnity nor abatement from the purchase price should be decreed on account of an outstanding inchoate right of dower of the wife of the vendor who has not joined in the contract to sell and who refuses to join vendor in the conveyance, unless it should be shown that the vendor has induced his wife to refuse to release her dower right. The possibility that a decree against *Page 337 
the husband for abatement or indemnity might occasion such a coercive influence on the wife as to induce her to release her dower against her will has been thought a sufficient reason for denying relief of that nature, unless her refusal to release has been the result of her husband's procurement." That statement of the rule is in accord with the following procession of our adjudicated cases: Hawralty v. Warren, 18 N.J. Eq. 124;Reilly v. Smith, 25 N.J. Eq. 158; Lounsbery v. Locander,25 N.J. Eq. 554; Peeler v. Levy, supra; Cooke v. Watson, 30 N.J. Eq. 345; Blake v. Flatley, 44 N.J. Eq. 228; 10 Atl. Rep. 158;Borden v. Curtis, supra; McCormick v. Stephany, 57 N.J. Eq. 257; 41 Atl. Rep. 840; McCormick v. Stephany, 61 N.J. Eq. 208;48 Atl. Rep. 25; Camden and Trenton Railway Co. v. Adams,62 N.J. Eq. 656; 51 Atl. Rep. 24; Bateman v. Riley, 72 N.J. Eq. 316; 73 Atl. Rep. 1006; Krah v. Wassmer, 75 N.J. Eq. 109;71 Atl. Rep. 404; affirmed, 78 N.J. Eq. 305; 81 Atl. Rep. 1133;Farrell v. Bork, 76 N.J. Eq. 615; 79 Atl. Rep. 897; Stein v.Francis, 91 N.J. Eq. 205; 109 Atl. Rep. 737; Schefrin v.Wilensky, 92 N.J. Eq. 109; 111 Atl. Rep. 660; affirmed, Id. 705;114 Atl. Rep. 927; Luczak v. Mariove, 92 N.J. Eq. 377;112 Atl. Rep. 494; affirmed, 93 N.J. Eq. 501; 116 Atl. Rep. 925; Elwood
v. Smith, 95 N.J. Eq. 195; 122 Atl. Rep. 889; South JerseyFurniture Corp. v. Dorsey, 95 N.J. Eq. 530; 123 Atl. Rep. 543;affirmed, 99 N.J. Eq. 433; 132 Atl. Rep. 923; Coulter v. Stern,4 N.J. Mis. R. 779; 134 Atl. Rep. 305; Leoncavallo v. Rigat,104 N.J. Eq. 437; 146 Atl. Rep. 194; Cohen v. Rosenblum,106 N.J. Eq. 236; 150 Atl. Rep. 392; Miller v. Headley, 109 N.J. Eq. 436; 158 Atl. Rep. 118; affirmed, 112 N.J. Eq. 89;163 Atl. Rep. 665.
Adverting to the evidence, it is not intimated, much less substantiated, that the wife of the defendant ever manifested by word or conduct any willingness to relinquish her dower interest in the property in the consummation of a conveyance to the complainant. Cf. Luczak v. Mariove, supra; South JerseyFurniture Corp. v. Dorsey, supra; Franklin v. Welt, 98 N.J. Eq. 602; 131 Atl. Rep. 585; Stein v. Francis, supra; Miller v.Headley, supra. *Page 338 
Mrs. Barber was not present when the lease was prepared and executed. Indeed, it is not distinctly evident that she was aware of the infused option until the complainant sought to exercise it. Although the defendant makes no point of it, he nevertheless assured me with apparent sincerity that he always entertained the notion that he had afforded the complainant "the first refusal," so-called, in the event he desired to sell the demised premises. If he harbored that impression, it is fallacious to infer that he forewarned his wife of the obligatory covenant to convey.
Despite the earnest endeavors of counsel for the complainant to elicit some evidence that the refusal of the wife to release her inchoate right of dower was induced by the defendant, the fact that she resisted all his reasonable persuasions is sustained by his testimony and corroborated by hers. When interrogated upon this point, the defendant with perspiration flowing down his face, and in a state of exasperation, exclaimed: "My God, I wish she would sign to-day, now! It makes me sick! I don't like court!" I believe him. The vehemence and spontaneity of his interjection exemplified the philosophic quotation, "When a man has no design but to speak plain truth, he may say a great deal in a very narrow compass."
Incidentally, the evidence discloses that the complainant knew that the defendant was a married man at the time of the execution of the instrument containing the agreement to convey the premises. Whether that circumstance renders the equitable remedy with indemnity or abatement unavailable to this complainant need not be decided. It is a subject concerning which there is a noticeable diversity of opinion in other jurisdictions. Vide,Brookings v. Cooper, 152 N.E. Rep. (Mass.) 243; Najarian
v. Boyajian, 48 R.I. 213; 136 Atl. Rep. 767; Foxworth v.Maddox, 103 Fla. 32; 137 So. Rep. 161; Kurath v. Jackson,60 Or. 203; 118 Pac. Rep. 192; Peoples Savings Bank v. Parisetti,68 Ohio St. 450; 67 N.E. Rep. 896; Rosenow v. Miller, 63 Mont. 451; 207 Pac. Rep. 618; Pom. Spec. Perf., § 461. I have been unable to discover any reported case in this state in which either view has been definitely adopted. *Page 339 
Conformable to the established rule that has endured imperishably in our jurisprudence for so long a period, I must deny a decree for specific performance against the defendant with either an abatement of the purchase price or indemnity against the inchoate dower of the defendant's wife. The defendant averred in his answer his willingness to convey his estate to the complainant for the full price stated in the lease. Had the complainant expressed in the pleadings or at the hearing an offer to accept a conveyance from the defendant of his estate without abatement or indemnity, I would now be disposed to recommend such a decree, if desired by the complainant. Bateman v. Riley,supra. Cf. Cohen v. Rosenblum, supra.
The bill will be dismissed without prejudice to the prosecution of any action at law which the complainant may be advised to institute.