The bill of complaint in this case was filed to compel specific performance of an option to purchase certain real estate in Belleville, New Jersey.
Complainants are lessees of the premises and the defendant Rose Meccia, wife of the defendant Christopher Meccia, is the owner and lessor thereof. The option is contained in the lease between the complainants and the defendant Rose Meccia, and reads as follows:
"It is further understood that should the lessor find abona-fide purchaser for the said premises, the lessor shall immediately notify the lessee of the prospective sale and of the terms and conditions thereof, by registered mail, and the lessee shall have the option of purchasing said premises on the same terms and conditions upon giving notice of said option within 15 days after mailing of said notice by the lessor."
The option is sufficiently definite and certain as to parties, subject-matter, price and terms and, therefore, may be specifically enforced in equity. See McClung Drug Co. v. CityRealty and Investment Co., 91 N.J. Eq. 216, 218; affirmed,92 N.J. Eq. 237, in which case Vice-Chancellor Backes said:
"It is not necessary that the price be specified in figures or words at length. It is sufficient if a standard is established by which the price may be determined with certainty; as, for instance, the `fair value' or `market value' (VanDoren v.Robinson, 16 N.J. Eq. 256), or at a price offered by another upon a certain event, and accepted (Race v. Groves, 43 N.J. Eq. 284; Hayes v. O'Brien, 149 Ill. 403), or the appraisal of arbitrators. Woodruff v. Woodruff, supra. * * * Any of these factors of definiteness, properly stipulated upon the contingency of an offer of sale, would have supplied the required certainty, according to the authorities."
The option under consideration falls within the statement made by the Vice-Chancellor: "or at a price offered by another upon a certain event and accepted." *Page 432 
The defendants Rose and Christopher Meccia, by a contract dated August 16th, 1946, agreed to sell the premises in question to the defendant Belleville Liquor Store for $16,000; $6,000 in cash and the balance by a purchase-money bond and mortgage to be given by the purchaser to the vendors. This contract specifically makes the conveyance subject to the existing lease on the premises and also contains the following paragraph:
"It is represented that the lease referred to above has therein an option on the part of the lessee to purchase the premises. It is further represented that the parties of the first part have given notice in accordance with the lease of the prospective sale. This agreement is subject to said clause in the aforesaid lease."
It is not asserted on the part of the defendant Belleville Liquor Store that it is a bona fide purchaser for value. It is undisputed that the said defendant had actual notice of the terms of the option to purchase the premises contained in the lease.
Complainants contend that they are entitled to specific performance of the option to purchase because they never received, in accordance with the terms of the option, any notice of the Belleville Liquor Store offer to purchase nor were they ever given the privilege of purchasing on the same terms and conditions as the Belleville Liquor Store. The defendants contend that specific performance cannot be decreed because complainants were put upon their option by being given proper notice and because the defendant Christopher Meccia, the husband of the owner of the record title, was not a party to the lease or to the option to purchase the premises therein contained.
An examination of the option discloses that before the lessees are required to act a notice must be sent to them by the lessor by registered mail stating (1) that the lessor had found a bonafide purchaser for the leased premises, (2) the terms and conditions of the prospective sale, and (3) that the lessees have the privilege of purchasing the premises on the same terms and conditions within 15 days of the sending of the notice by the lessor. If the complainants, lessees, were *Page 433 
so notified by the lessor and failed to exercise their rights under the option within the time stipulated then the contention of the defendants must prevail. If, however, such notice was not given it would appear that the complainants are entitled to their decree.
In support of defendants' contention as to notice, they relied on two letters dated July 6th, 1946, and July 22d 1946, written by the defendant Christopher Meccia and also upon certain conversations with the complainant Gutch, by Mr. McDermott and Miss Donnelly, real estate brokers, Christopher Meccia, a defendant, and by Mr. Aquino, who is associated with the defendant Belleville Liquor Store. Neither letter, above referred to, is notice in accordance with the terms of the option for the reason that they are addressed to the complainant Nicholas J. Gutch, whereas the option is in Nicholas J. Gutch and Anna Gutch and both letters are signed by Christopher Meccia while the option requires that notice be given by the lessor, Rose Meccia. Neither letter recites that Rose Meccia, the lessor, has found abona fide purchaser nor are the terms of the prospective sale mentioned therein. Each letter states that it is sent by Christopher Meccia who was not a party to the lease or option and only the second letter was sent by registered mail. The testimony produced at the hearing was devoid of any proof of agency between the defendants Rose and Christopher Meccia. The conversations by the real estate brokers, the defendant Meccia and by Mr. Aquino with the complainant Gutch were merely negotiations to induce the complainants to purchase the premises. They cannot be deemed to have been sufficient to put the complainants to their option. InFirst National Bank in Fort Lee v. Burdett, 121 N.J. Eq. 277,281, the Court of Errors and Appeals said:
"The rule is firmly established that the parties are bound by the agreement which they have made. `The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written.' Kupfersmith v.Delaware Insurance Co., 84 N.J. Law 271." *Page 434 
Counsel for defendant Christopher Meccia argues that since Meccia is not a party to the lease which contains the option to purchase the premises in question, this suit will not lie against him. Christopher Meccia, however, is a party to the agreement for the sale of the premises to the defendant Belleville Liquor Store. Since equity regards that as done which ought to be done, Meccia's curtesy interest by the fact of his joining in this agreement was extinguished as if he had conveyed it to the vendee by deed and an assignment of the agreement by Belleville Liquor Store will entitle the complainants to the title to said premises free of any encumbrance of curtesy. See 2 Pom. Eq. Jur. (5thed.) 21 § 368; Saldutti v. Flynn, 72 N.J. Eq. 157; McVey v.Baumann, 93 N.J. Eq. 360, 378; affirmed, Id. 638.
I shall advise a decree directing the defendant Belleville Liquor Store to assign its contract to the complainants and directing the defendants Meccias to specifically perform that contract with the complainants according to the terms and conditions thereof. I shall also direct that the deposit of $1,000 made by the Belleville Liquor Store be repaid to it by the complainants.